DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from two judgments of the Williams County Court of Common Pleas. The first judgment, and a nunc protunc correction of that judgment, were filed on June 11, 1999 and journalized on June 14, 1999. The second judgment was filed on September 28, 2000, with requested Findings of Fact and Conclusions of Law filed on October 17, 2000 and a "Corrective Journal Entry" filed on October 18, 2000. Appellants, Rick A. Lord and Christina M. Lord, filed a timely notice of appeal from the September/October 2000 judgment; they assert the following assignments of error:
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN HOLDING THAT THE WRITTEN REAL ESTATE CONTRACT BETWEEN APPELLANTS, AS THE PURCHASERS, AND APPELLEE AND HER SISTERS, AS THE SELLERS, `WAS TERMINATED/CANCELED.'"
 "II. EVEN IF THE TRIAL COURT PROPERLY DETERMINED THAT THE WRITTEN REAL ESTATE CONTRACT WAS TERMINATED OR CANCELED, THE TRIAL COURT ERRED IN HOLDING THAT `NO ORAL AGREEMENTS ON ALL ESSENTIAL TERMS WITH THE REQUISITE DEFINITENESS AND CERTAINTY WAS REACHED' BETWEEN APPELLANTS AND APPELLEE PATRICIA LORD."
 "III. EVEN IF THE TRIAL COURT PROPERLY CONCLUDED THAT APPELLANTS DID NOT HAVE ANY CONTRACTUAL RIGHT TO THE PROPERTY, THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN FAILING TO CREDIT APPELLANTS' PAYMENTS MADE TO AND USED BY APPELLEE IN PURCHASING THE REAL ESTATE."
We must first address a jurisdictional question raised by appellees, Patricia A. Lord, Debra Sue Laser and Brad Laser. Appellees contend that appellants failed to timely appeal the trial court's June 11, 1999 judgment. They argue that because all three of appellants' assignments of error address claims determined in that judgment, this court lacks the jurisdiction to consider those assignments. Appellants reply that the order of June 11, 1999 was not a final, appealable order until September 28, 2000.
Our determination of the question of our appellate jurisdiction involves the interplay between R.C. 2505.02, Civ.R. 54(B) and App.R. 4(B)(5). "A reviewing court possesses jurisdiction only to reverse, modify, or affirm a judgment which constitutes a final, appealable order." State ex rel. A D Ltd. Partnership v. Keefe (1996),77 Ohio St.3d 50, 52. R.C. 2505.02(B)(1) defines, in pertinent part, a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C.2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." An order determines an action and prevents a judgment for an appealing party when it disposes of the whole merits of the cause or some separate and distinct branch thereof and leaves nothing for determination by the court. Hamilton Cty. Bd. Of Mental Retardation v. Professionals Guild ofOhio (1989), 46 Ohio St.3d 147, 153.
In a case involving multiple claims and/or multiple parties, a court can enter a final order as to at least one full claim and render that order immediately appealable by making an express determination that there is no just reason to delay such a judgment. Civ.R. 54(B); Denhamv. New Carlisle (1999), 86 Ohio St.3d 594, 596. If the order with regard to one or more of the claims in a multi-claim lawsuit is a final order and the requisite express determination of "no just cause for delay" is included in the order, the aggrieved party is required to appeal that order or judgment pursuant to App.R. 4(A), that is, within a thirty day window from the date the order or judgment is journalized. See App.R. 4(B)(5); State ex rel. A D Ltd. Partnership v. Keefe,77 Ohio St.3d at 57. As explained in the Staff Notes to App.R. 4, when a judgment is rendered on one or more claims in a single transaction, multiple claim case, they "should be appealable immediately but not at the end of the case. Otherwise, the purpose of Civ.R. 54(B) is defeated. For this reason, the option of appealing immediately or at the end of the case does not apply to a Civ.R. 54(B) judgment." Staff Notes to App.R. 4, Ohio Rev. Code Annotated (Page's 1998).
In applying the foregoing precepts to the present case we must first look to appellants' original complaint, as filed on August 20, 1998. According to the complaint, Patricia Lord, who is Rick Lord's mother, and her sisters entered into a valid offer to purchase agreement with appellants in April 1991. The subject of the offer to purchase was approximately twenty acres of land inherited by Patricia Lord and her three sisters from their parents. A copy of the offer to purchase appended to the complaint reveals that the contract must be performed within thirty days unless the parties agreed, in writing, to an extension and that if the buyers failed to perform, their deposit would be forfeited.
On July 2, 1991, the three sisters and their spouses deeded the disputed property to Patricia Lord. However, commencing in 1991, Rick and Christina Lord and their family, as well as Rick's sister, Debra Sue Laser, then unmarried, resided in a farmhouse located on the property deeded to Patricia. Eventually, Rick Lord constructed a new residence on another portion of the twenty acres. In April 1997, Patricia Lord deeded about two acres of the property, which contained the farmhouse, to Debra Sue Laser. Appellants claimed that Debra's husband, Brad Laser, burned down a barn on appellants' alleged property and that the barn contained appellants' personal property. Finally, the complaint asserted that Brad dumped and buried garbage and waste on appellants' alleged property.
Based on these facts, appellants' first count asked the court for specific performance of the written offer to purchase agreement. The second claim was based upon Patricia Lord's purported repudiation of the offer to purchase agreement and again requested specific performance. The third count of the complaint raised trespass and damage to personal and real property against Debra Sue and Brad Laser only. The fourth count requested a declaratory judgment finding that the deed of property from Patricia Lord to Debra Sue Laser was void. The fifth count asked for a declaration quieting title to the disputed property in appellants. The sixth count of the complaint attempted to set forth a claim of "Occupying Claimant Entitlement" pursuant to R.C. 5303.07, et seq.
In their counterclaims, Patricia Lord asked the court to quiet title to the disputed property (excepting that portion deeded to Debra Sue Laser) in her favor. Debra Sue and Brad Laser requested the same with regard to the two plus acres deeded to Debra Sue by her mother. Patricia Lord set forth a claim of ejectment for the recovery of real property from appellants. All three appellees sought declaratory judgments finding that appellants had no legal or equitable rights in their respective properties and that the offer to purchase was terminated, canceled, rescinded and/or barred by appellees' defenses. In the event that appellants prevailed on their claim of title to the subject property, Debra Sue and Brad Laser asserted an occupying claimants counterclaim for improvements that they made to the land they occupied. Finally, Debra Sue and Brad Laser set forth a claim of unjust enrichment alleging that Debra Sue paid the entire amount, $6,800, on a promissory note of Rick and Christina Lord and for $1,388.28 owed to Brad Laser for the removal of a barn on their property.
After a trial to the bench, the common pleas court entered its decision and judgment entry on June 11, 1999. The court held that appellants had "no valid claim, right, title or interest in and to" any of the disputed property. The court dismissed all of appellants' claims except the third count, which the judge determined should be an occupying claimants' claim for any improvements that appellants made to the property during their possession of it. The court found that the offer to purchase agreement, by its written terms, terminated after thirty days and that no oral modification or new oral agreement existed; the court further determined that any monies deposited by appellants pursuant to the offer to purchase were forfeited.
Further, the court granted the counterclaims asking that the title to the respective parcels of disputed property be quieted in appellees and for a declaratory judgment reflecting that the offer to purchase was terminated, canceled, rescinded and/or barred by appellees' defenses. The Lasers' claims as occupying claimants and for unjust enrichment were dismissed as moot. As to Patricia Lord's request for the ejectment of appellants from her property, the court held that it could be set for further hearing upon her request. Finally, the trial court expressly determined that "Pursuant to Rule 34(B) [sic] Civil Rules, the Court finds that there is no just reason for delay." On that same date, the court entered a nunc pro tunc correction of the entry that changed the civil rule cited in its judgment to Civ.R. 54(B). The docket of the instant case has a notation indicating service of notice of the judgment as of June 14, 1999.
Clearly, this is a multiple claim, multiple party action. The court's June 11, 1999 judgment disposes of the entire branch of the case related to ownership of the almost twenty acres of property claimed by both appellants and appellees and the validity of appellants' claim under the offer to purchase. There is nothing left to resolve with regard to any claim of ownership of that property or of the applicability of the offer to purchase. All that remains is a claim, under R.C. 5303.07, et seq., on the part of Rick and Christina Lord for the value of lasting improvements made to the property while they possessed it and Patricia Lord's ejectment claim. We therefore conclude that the June 11, 1999 judgment was a final order[1]. That order includes a certification of "no just reason for delay." Thus, this cause was not excepted from the time constraints set forth in App.R. 4(A). See App.R. 4(B)(5). The thirty day requirement for the filing of a notice of appeal, as set forth in App.R. 4(A), is mandatory and jurisdictional. Leach v. Rosenblum (Sept. 1, 2000), Hamilton App. No. C-000476, unreported, citing Whiteside, Ohio Appellate Practice (2000 Ed.) 70. Appellants did not file a timely notice of appeal from that judgment. Accordingly, this court lacks the jurisdiction to consider any of their assignments of error relating to the offer to purchase or ownership of the some twenty acres.
Appellants' first and second assignments of error focus solely on the offer to purchase and a purported subsequent oral modification of that agreement or new oral agreement to purchase. Because these assignments arise from claims decided in the June 11, 1999 judgment, we lack the jurisdiction to entertain the same. In their third assignment of error, appellants challenge that portion of the June 11, 1999 judgment holding that any deposit monies made by appellants under the written offer to purchase agreement were forfeited pursuant to Paragraph 9 of that agreement. Although the court mentions this order in its September 28, 2000 judgment, it is merely to note that this claim was decided in its previous judgment. Therefore, we lack the jurisdiction to consider appellants' third assignment of error. Appellants raise no error associated solely with the timely appealed judgment of September/October 2000. Accordingly, finding that there is no question for our review, we must dismiss this cause in its entirety. Appellants are ordered to pay the costs of this appeal.
 ________________________ Melvin L. Resnick, JUDGE
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.
[1] In addition, to the extent that any of these claims were declaratory judgments, the court's disposition of these claims were also final orders. General Acc. Ins. v. Ins. Co. of North America,supra.