MAY, APPELLEE, *v.* MAUGER ET AL., APPELLANTS. (Two cases.)

[Cite as May v. Mauger, 1 Ohio App. 2d 238.]

(Nos. 7413 and 7415—Decided January 14, 1964.)

*Messrs. Dagger, Lantz & Johnston* and *Messrs. Jenkins, Williams, Wendt, Murray & Deeg,* for appellee.

*Messrs. Dresbach, Crabbe, Newlon & Bilger, Mr. William W. Jones, Mr. James Graham* and *Messrs. Lane, Huggard & Alton,* for appellants.

TROOP, J. Plaintiff, Robert E. May, filed an action in the Court of Common Pleas of Franklin County, which arose out of an automobile accident on August 23, 1960. A collision occurred between a 1958 Lincoln, driven by the plaintiff, moving west on State Route 33, and a 1955 Dodge driven by the defendant Tony Howard Mauger, a minor, going north on Bowen Road, which intersects State Route 33 near the Franklin County line. Mrs. Howard B. Mauger is joined as a party defendant, having signed the application of the minor, Tony Mauger, for a driver's license. Rather consistently throughout the papers in the case reference is to only one defendant, Tony Mauger, and we shall likewise refer to the one defendant.

The petition of the plaintiff recites several basic facts, but fundamentally the claim is that the defendant suddenly and without warning drove his Dodge into the path of plaintiff's automobile and that his negligent conduct caused the injuries suffered by the plaintiff and the damage to his Lincoln. Defendant, Tony Mauger, answered. He admitted his driving and the collision but denied any negligence and alleged negligence on the part of the plaintiff.

To further complicate the pleadings picture the defendant filed a cross-petition along with his answer. The cross-petition alleges that the plaintiff swerved his car to the right and struck the Dodge, driven by the defendant, at a point 10 feet north of the intersection of Bowen Road and State Route 33. Defendant summarizes his claim that plaintiff was negligent, and the proximate cause of his injuries, by two specifications of negligence. He says that plaintiff drove at an excessive rate of speed, 70 miles per hour, and failed to keep his vehicle under control.

Appropriate answering pleadings were filed, and the case was properly at issue and ready for trial. A jury was impanelled. Trial was had, and at the close of all of the evidence the court directed a verdict in favor of the plaintiff on the cross-petition of the defendant. The jury was told that the motion was sustained because the defendant was negligent as a matter of law and that the case was before them solely upon the petition of the plaintiff, the answer of the defendant, and the reply of the plaintiff.

The jury returned a verdict for the defendant. An entry

following the verdict was filed May 8, 1963. Following a recital of formal matters the entry speaks, as follows:

"Now, therefore, it is ordered, adjudged and decreed by the court that the defendant, Tony Mauger, does not recover in the premises on his cross-petition against the plaintiff, Robert May, and the plaintiff, Robert May, does not recover on his petition against the defendant, Tony Mauger."

Three motions were filed following the court's entry of May 8, 1963. Defendant, Tony Mauger, made a motion to vacate the judgment entry dismissing his cross-petition and to grant him a new trial. The court overruled the motion.

Simultaneously, the plaintiff made two motions. One was a motion asking the court to vacate the judgment entered in conformity to the verdict of the jury and for judgment in the plaintiff's favor notwithstanding the verdict. The other motion made by the plaintiff was a request to vacate the judgment and for a new trial.

Plaintiff's motion for judgment notwithstanding the verdict was sustained by the trial court. The entry indicates that the plaintiff was entitled to the judgment in his favor based upon the evidence adduced even though the jury found otherwise. It was ordered that the case be sent to a jury to ascertain and assess damages. Likewise, the trial court sustained the plaintiff's motion for a new trial, but only upon the condition that the judgment against the verdict might be reversed.

Defendants, both of them, appealed from the order of the trial court entered June 7, 1963, which was the order of the court overruling the motion of the defendant and sustaining the two motions of the plaintiff. The first assignment of error is addressed to the order setting aside the jury's verdict in favor of the defendant and entering judgment for the plaintiff notwithstanding.

A trial court is authorized under Sections 2323.18 and 2323.181, Revised Code, to enter judgment for a party notwithstanding a contrary finding by a jury. Section 2323.181, Revised Code, also provides, if a motion for a new trial is also sustained, as follows:

"* * * the journal entry shall provide that a new trial shall be had only in the event of a reversal of the judgment on the motion provided for in Section 2323.18 of the Revised Code * * *."

At first glance it would appear that the trial court has proceeded properly and according to the provisions of applicable statutes. It is significant that the trial court provided in its order "that the case be sent to a jury to ascertain and assess the damages due plaintiff from defendants." It is obvious that the "judgment" or order from which this appeal is taken is not in final appealable form. A final judgment in a negligence action must resolve all the elements involved in such an action. It is necessary to determine that the defendant owed a duty to the plaintiff which was breached by a negligent act of the defendant, the act being the proximate cause of injury to the plaintiff, and, in addition, the plaintiff being free of negligence, the extent of the damage to the person or property of the plaintiff must be ascertained and the amount of the damages to compensate must be determined. The matter of compensation by way of money judgment is missing in the court's order in the instant case.

Text materials and case law make frequent reference to the common characteristics present in the use of a motion for a directed verdict and in a motion for judgment notwithstanding the verdict. The state of the evidence being the common test for the use of both. (31 Ohio Jurisprudence [2d], 662 Section 209, and *McNees* v. *Cincinnati Street Ry. Co.* [1949], 152 Ohio St., 269.)

In the instant case a motion for a directed verdict would have permitted the trial court to have reached the same conclusions as it reached when deciding the motion for judgment notwithstanding the verdict. At the close of all of the evidence, and in response to a motion, the trial court could have instructed the jury as to the negligence of the defendant if it chose. The question of proximate cause and the determination of damages could then have been determined by the jury under appropriate instructions. This procedure would have resolved all of the elements necessary to be determined in a negligence case.

The "judgment" as it now stands is in effect an interlocutory order, analogous to the partial or interlocutory judgment as provided in summary judgment matters under Section 2311.041, Revised Code. The trial court determined the issue of negligence, and in effect the matter of proximate cause, al-

though there is the genuine issue of damages remaining unresolved. As a practical matter the court is obliged to impanel a jury to which it must submit the case. When all the issues are resolved a judgment of the court, reciting the determination of all of the issues, will be in appealable form.

The first part of the entry upon which this appeal is grounded is at best an interlocutory order and not a final judgment and is not, therefore, appealable. Further, in sustaining plaintiff's motion for a new trial, the court expressed itself as being in error in its instructions on contributory negligence. If it were in error then that error can only be corrected by granting a new trial and not by sustaining a motion for judgment notwithstanding the verdict.

Furthermore, nothing in the record or proceedings indicates an abuse of discretion on the part of the court in granting a new trial in response to plaintiff's motion. The second assignment of error raised by the defendant is not, therefore, well taken.

The appeal is dismissed and the cause remanded to the trial court for a new trial.

*Appeal dismissed.*

DUFFY, P. J., and DUFFEY, J., concur.

(Decided February 18, 1964.)

ON APPLICATION for rehearing.

TROOP, J. Plaintiff, appellee herein, requests a reconsideration of the decision issued in this cause on January 14, 1964, urging that a particular ruling be made respecting the decision of the trial court sustaining a motion to direct a verdict in his favor and against the defendant on his cross-petition.

Having previously held that the judgment of the trial court entered in favor of the plaintiff, notwithstanding the verdict of the jury favorable to the defendant, was not in final appealable form, it follows that the cause necessarily would be remanded. The trial court had also ruled that a new trial would be granted should the judgment notwithstanding the verdict fail to be sustained. Nothing in the record could possibly be

construed as an abuse of discretion in the trial court's decision sustaining the plaintiff's motion for a new trial and the cause was remanded to permit it.

At this point the trial court was in position to proceed with an entire new trial or dispose of any phase of it according to law and within the range of its discretion. Counsel for plaintiff, in support of their motion for reconsideration, urge that this court rule specifically upon the ruling of the trial court dismissing the cross-petition of the defendant. This is possible since the trial court overruled the motion of the defendant, appellant herein, to vacate the judgment dismissing the cross-petition and to grant the defendant a new trial.

It is to the final order dismissing the cross-petition that this opinion is addressed. The cross-petition of the defendant, Mauger, in practical effect is a separate cause of action in which he becomes a plaintiff suing as a defendant, May, the plaintiff in the original action. If a plaintiff is guilty of negligence, or, it may be said, is contributorily negligent in any action, he may not recover against a defendant even though that defendant may be clearly negligent.

The language of the trial court is unequivocal respecting the negligence of Mauger, defendant in the principal cause, and plaintiff in the cause arising out of the cross-petition. The trial court speaks, as follows:

"The court finds from the undisputed evidence in the case that the defendant Mauger was guilty of negligence as a matter of law in failing to yield the right of way to the plaintiff when the plaintiff, from the undisputed evidence, was proceeding in a lawful manner in a westerly direction on route 33 and was intending to proceed in the same direction at the intersection and that the defendant after stopping at the stop sign approaching route 33 admitted that he looked eastwardly where he had an unobstructed view for approximately one mile and claiming that he saw no approaching traffic, but that the evidence clearly shows there was approaching traffic in the form of the approach of the May car and that the defendant thereupon proceeded at a slow speed to cross the intersection and drove in front of the May automobile and that said negligence of the defendant was a proximate cause of the accident in question."

Examination of the record discloses ample support for the

conclusions reached by the trial court in finding the defendant negligent as a matter of law. It is noted that the record is completely silent as to a posted speed for the area in which the accident occurred, which is necessary if prima facie negligence on the part of the plaintiff is to be established. The admissions of the defendant afford the basis for other conclusions of the trial court.

The trial court committed no prejudicial error in directing a verdict for the plaintiff and dismissing the cross-petition of the defendant. The final order refusing to grant a new trial on the cross-petition is sustained.

The motion of the plaintiff-appellee, Robert E. May, for reconsideration is sustained and the original order of this court, issued, January 14, 1964, is modified to limit the new trial, granted by the trial court, to the issues as made upon the petition and answer of the parties. The order remanding the cause to the trial court for a new trial is adhered to as modified herein.

*Motion sustained.*

DUFFY, P. J., and DUFFEY, J., concur.