[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 50.]

THE STATE EX REL. A & D LIMITED PARTNERSHIP ET AL., APPELLEES, *v.*
KEEFE, JUDGE, APPELLANT.

[Cite as *State ex rel. A & D Limited Partnership v. Keefe*, 1996-Ohio-95.]

*Prohibition to prevent judge of common pleas court from conducting any
additional hearings or rendering any decision on the issue of damages in
an underlying action—Court of appeals errs in issuing writ when relators
fail to establish that judge patently and unambiguously lacks jurisdiction
to proceed with the damages hearing and determination.*

(No. 96-784—Submitted September 24, 1996—Decided November 6, 1996.)

APPEAL from the Court of Appeals for Hamilton County, No. C-960056.

———————————

{¶ 1} Several persons instituted a class action designated as *Beck et al. v.
A & D Limited Partnership et al.*, case No. A-91-06574, in the Hamilton County
Court of Common Pleas on behalf of the occupants of the A & D Building in
Cincinnati. The *Beck* plaintiffs alleged that poor indoor air quality created an
unsafe and unsanitary condition causing illness to building occupants. They
claimed that appellees, A & D Limited Partnership, Laurence Ashkin, and Arthur
Slaven, had breached a lease agreement, breached certain warranties, and acted
negligently, resulting in the unsafe and unsanitary condition of the building.

{¶ 2} In August 1995, appellant, Judge John W. Keefe, presided over a
lengthy jury trial in *Beck* at which the issues of liability and punitive damages were
tried for the entire class and the issues of liability and damages were tried for four
class representatives, *i.e.*, Sue Marshall, Linda Bachman, Karen Ringland, and
Joseph Schwetschenau. The jury also considered the loss of consortium claim of
Schwetschenau's wife, Dolores. The jury returned a verdict in favor of appellees
on all issues and also returned a verdict finding no punitive damages for the class.

In answers to special interrogatories, the jury determined that the plaintiffs had not established by a preponderance of the evidence that appellees had been negligent or breached the lease agreement or any warranty. The jury further determined that none of the class representatives was entitled to compensatory damages. In September 1995, Judge Keefe entered a judgment in favor of appellees based on the jury verdicts.

{¶ 3} On December 6, 1995, Judge Keefe granted plaintiffs' motion for judgment notwithstanding the verdict on their negligence claim. In addition, although Judge Keefe overruled plaintiffs' alternative motion for a new trial, he ordered a hearing to determine compensatory damages for the four class representatives. On December 29, appellees filed a notice of appeal from Judge Keefe's December 6 judgment entry. After appellees' counsel advised Judge Keefe that appellees did not intend to appear at the scheduled damages hearing because they believed that their appeal divested the common pleas court of further jurisdiction, Judge Keefe stated that if appellees did not appear, they would be considered as having "violated and disregarded a direct order of this Court."

{¶ 4} In January 1996, appellees filed a complaint in the Court of Appeals for Hamilton County for a writ of prohibition to prevent Judge Keefe from conducting any additional hearings or rendering any decision on damages in the *Beck* case. The court of appeals denied Judge Keefe's motion to dismiss the action and issued a writ of prohibition preventing Judge Keefe "from conducting any further hearings or issuing any decisions on the issue of damages" and "taking any further action inconsistent with [the court of appeals'] authority to reverse, modify, or affirm the matters which are the subject of [appellees'] appeal."

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Droder & Miller Co., L.P.A.*, *Robert G. Block* and *W. John Sellins*, for appellees.

*Waite, Schneider, Bayless & Chesley Co., L.P.A.*, *Stanley M. Chesley* and *Paul M. DeMarco*, for appellant.

_____

*Per Curiam.*

{¶ 6} Judge Keefe asserts in his propositions of law that the court of appeals erred in issuing a writ of prohibition preventing him from conducting further proceedings in the underlying action. In order to be entitled to a writ of prohibition, appellees must establish (1) that Judge Keefe is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas* (1995), 74 Ohio St.3d 19, 20, 655 N.E.2d 1303, 1305. It is uncontroverted here that unless restrained, Judge Keefe would have exercised judicial power by holding a hearing and rendering a decision on the issue of damages on plaintiffs' negligence claim in *Beck*. Therefore, the dispositive issues are whether Judge Keefe's intended exercise of judicial authority is unauthorized, and if denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law.

{¶ 7} Absent a patent and unambiguous lack of jurisdiction, a tribunal having general subject matter jurisdiction of a case possesses authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy by appeal from its holding that it has jurisdiction. *Whitehall ex rel. Wolfe v. Ohio Civ.Rights Comm.* (1995), 74 Ohio St.3d 120, 123-124, 656 N.E.2d 684, 688. The court of appeals determined that appellees' appeal to that court of Judge Keefe's December 6, 1995 entry granting plaintiffs' motion for judgment notwithstanding the verdict patently and unambiguously divested Judge Keefe of jurisdiction to conduct further proceedings on damages.

{¶ 8} Judge Keefe asserts that the appeal from his entry of December 6, 1995 did not divest him of jurisdiction to proceed in the underlying action because that entry granting plaintiffs' motion for judgment notwithstanding the verdict was not a final appealable order. A reviewing court possesses jurisdiction only to reverse, modify, or affirm a judgment which constitutes a final appealable order. *State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 532 N.E.2d 727. The trial court retains all jurisdiction that is consistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 102, 666 N.E.2d 1091, 1096; *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 15, 661 N.E.2d 170, 174.

{¶ 9} Under Section 3(B)(2), Article IV of the Ohio Constitution, courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district ***." R.C. 2505.03(A) limits the appellate jurisdiction of courts of appeals to the review of final orders, judgments or decrees. R.C. 2505.02 defines "final order" as "[a]n order that affects a substantial right in an action *** and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or *an order that vacates or sets aside a judgment or grants a new trial ***.*" (Emphasis added.)

{¶ 10} In his first proposition of law, Judge Keefe contends that the December 6, 1995 entry was not a final order under R.C. 2505.02 because (1) it merely determined liability and not damages, and (2) he has not completed the task of setting aside the judgment based on the jury verdict until he enters a judgment on the damages issue.

{¶ 11} Judge Keefe claims that based on *Fireman's Fund Ins. Cos. v. BPS Co.* (1982), 4 Ohio App.3d 3, 4 OBR 23, 446 N.E.2d 181, and *Am. Mall, Inc. v. Lima* (1966), 8 Ohio App.2d 181, 37 O.O.2d 195, 220 N.E.2d 839, a judgment

which determines liability in the plaintiff's favor but defers damages for a subsequent determination does not constitute a final order pursuant to R.C. 2505.02. In *Fireman's Fund*, the court of appeals held that where a separate trial on the issue of liability is held, and the issue of liability is determined in the plaintiff's favor, an entry of judgment by the trial court in plaintiff's favor on the issue of liability which leaves the amount of damages to be awarded unresolved until some future time, does not constitute a final judgment which may then be treated as an appealable order. *Fireman's Fund* relied on *American Mall* and *Greeler v. Law* (June 13, 1972), Franklin App. No. 72AP-60, unreported, in support of its holding. These latter cases held that the orders determining liability in the plaintiff's favor and deferring the issue of damages were not final orders under R.C. 2505.02 because they did not determine the action, prevent a judgment, or affect a substantial right in a special proceeding. *American Mall,* 8 Ohio App.2d at 183, 37 O.O.2d at 196, 220 N.E.2d at 840; *Greeler, supra*, at 19-21; see, also, *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, 1384 ("As a general rule, even where the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Rule 54(B) language was employed."). None of these three cases involved a postjudgment order that "vacates or sets aside a judgment or grants a new trial" as included in R.C. 2505.02's definition of "final order," which the court of appeals determined to be applicable here. Therefore, they are inapposite.

{¶ 12} Judge Keefe also cites *May v. Mauger* (1964), 1 Ohio App.2d 238, 30 O.O.2d 262, 204 N.E.2d 412, where the court of appeals held that a journal entry of a trial court in a negligence action entering judgment for the plaintiff notwithstanding the verdict of the jury on the issue of liability and ordering a new trial on the issue of damages was not a final appealable order. The court of appeals in *May* stated that "[t]he 'judgment' as it now stands is in effect an interlocutory order, analogous to the partial or interlocutory judgment as provided in summary

judgment matters under Section 2311.041, Revised Code. The trial court determined the issue of negligence, and in effect the matter of proximate cause, although there is the genuine issue of damages remaining unresolved. As a practical matter the court is obliged to impanel a jury to which it must submit the case. When all issues are resolved a judgment of the court, reciting the determination of all of the issues, will be in appealable form." *Id.*, 1 Ohio App.2d at 241-242, 30 O.O.2d at 264, 204 N.E.2d at 414.

{¶ 13} *May* did not analyze the language of the applicable version of R.C. 2505.02 in reaching its holding. In *Mayo v. Hall* (Aug. 28, 1980), Cuyahoga App. No. 41423, unreported, the Court of Appeals for Cuyahoga County held that a trial court order granting a motion for judgment notwithstanding the verdict in favor of a plaintiff on the issue of liability in a personal injury action and granting a new trial on the issue of damages was a final appealable order. *Mayo* stated that *May* was no longer viable based on the following:

"When *May v. Mauger, supra*, was decided, an order granting a new trial was not considered a final appealable order, under the authority of *Green v. Acacia Mutual Life Ins. Co.* (1951), 156 Ohio St. 1 [45 O.O. 32, 100 N.E.2d 211]. The Supreme Court overruled *Green* in 1965, in the case of *Price v. McVoy Sales & Service, Inc.*[(1965)], 2 Ohio St.2d 131 [31 O.O.2d 229, 207 N.E.2d 236]. Since 1965, there has been no question that a lower court decision granting a new trial is appealable. The fact that the action will not be terminated until the end of the second trial does not preclude a party from appealing the order granting the new trial." See, also, *Hurt v. Charles J. Rogers Transp. Co.* (1953), 160 Ohio St. 70, 50 O.O. 534, 113 N.E.2d 489, paragraph one of the syllabus ("The journalized judgment of a ruling of a trial court on a motion to direct a verdict or on a motion for a judgment notwithstanding the verdict constitutes a final order from which an appeal may be taken.").

**{¶ 14}** In the case at bar, the September 1995 judgment incorporated the jury verdicts finding in favor of appellees on all of the claims raised in the underlying action. The December 6, 1995 entry in which Judge Keefe granted the plaintiffs' motion for judgment notwithstanding the verdict on their negligence claims set aside the September 1995 judgment to that extent. Further, although Judge Keefe's December 6 entry purported to overrule the plaintiffs' motion for a new trial, an analysis of both the entry and the prior memorandum decision on which it was based indicates that Judge Keefe actually granted a new trial on the damages issue. The jury trial included evidence of both liability *and* damages. By his December 6 entry, Judge Keefe ordered a new hearing to determine damages at which direct and cross-examination of witnesses would be permitted. Therefore, the December 6 entry set aside the previous judgment *and* ordered a new trial. See, *e.g.,* R.C. 2311.01, defining "trial" as "a judicial examination of the issues, whether of law or of fact, in an action or proceeding"; *Brown v. Coffman* (1983), 13 Ohio App.3d 168, 170, 13 OBR 203, 205, 468 N.E.2d 790, 791 ("An examination of the grounds for new trial under Civ.R. 59(A) suggests that the drafters of the rule contemplated the term 'trial' in its conventional sense, that is, an adversary proceeding, including pleadings, opening statements, presentation of evidence, closing arguments, and submission to the court or jury for final determination."; see, also, *Huey v. Rider* (Feb. 1, 1990), Van Wert App. No. 15-88-6, unreported; *Knecht v. Ohio Dept. of Rehab. & Corr.* (1992), 78 Ohio App.3d 360, 367, 604 N.E.2d 820, 825 (Whiteside, J., concurring).[1]

**{¶ 15}** In addition, an amendment to R.C. 2505.02, effective March 17, 1987, modified the definition of "final order" from "an order vacating or setting

---

1. Subsequent to the entry, Judge Keefe and the parties evidently agreed that Judge Keefe would reconsider the previous testimony at the jury trial to determine damages rather than hold a new evidentiary hearing. However, the December 6 entry and memorandum decision on which it was based manifestly granted the parties a new trial on the damages issue.

aside a judgment *and* ordering a new trial" to "an order that vacates or sets aside a judgment *or* grants a new trial." (Emphasis added.) See Am.Sub.H.B. No. 412, 141 Ohio Laws, Part II, 3563, 3597.

**{¶ 16}** Based on the foregoing, *May* is inapplicable and does not support Judge Keefe's assertion on appeal that the order granting the plaintiffs' motion for judgment notwithstanding the verdict does not constitute a final order under R.C. 2505.02. The December 6, 1995 entry both set aside the judgment based on the jury verdict and granted a new trial and fit within R.C. 2505.02's definition of "final order."

**{¶ 17}** In his final contention in his first proposition of law, Judge Keefe argues that under App.R. 4(B)(2) and Civ.R. 50(B), his December 6, 1995 order was not final under R.C. 2505.02. App.R. 4(B)(2) provides that "[i]n a civil case ***, if a party files a timely motion for judgment [notwithstanding the verdict] under Civ.R. 50(B), [or] a new trial under Civ.R. 59(B), *** the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered." Civ.R. 50(B) provides the following for motions for judgment notwithstanding the verdict:

"*** If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment. If the judgment is reopened, the court shall either order a new trial or direct the entry of judgment, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence. If no verdict was returned the court may direct the entry of judgment or may order a new trial."

**{¶ 18}** In essence, Judge Keefe claims that the appeal by appellees in the underlying action is premature, since he will not have "disposed" of the plaintiffs' Civ.R. 50(B) motion for judgment notwithstanding the verdict until he rules on the issue of damages. However, as previously noted, Judge Keefe granted the Civ.R. 50(B) motion and, contrary to the language in his entry, effectively ordered a new

trial on damages. The December 6, 1995 entry thereby disposed of the plaintiffs' motions for purposes of App.R. 4(B)(2) and Civ.R. 50(B). Based on the foregoing, the court of appeals correctly ruled that Judge Keefe's December 6 entry constituted a final order under R.C. 2505.02. Judge Keefe's first proposition of law is overruled.

{¶ 19} Judge Keefe contends in his second proposition of law that even if the December 6, 1995 order is final under R.C. 2505.02, it was not a final appealable order because the requirements of Civ.R. 54(B) were not satisfied. In his third proposition of law, Judge Keefe asserts that the court of appeals erred in issuing a writ of prohibition because appellees failed to establish that he patently and unambiguously lacked jurisdiction to proceed with the damages hearing and determination.

{¶ 20} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. Civ.R. 54(B) provides:

"When more than one claim for relief is presented in an action ***, whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶ 21} Civ.R. 54(B) must be followed when a case involves multiple claims and/or multiple parties. *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75

Ohio St.3d 82, 85, 661 N.E.2d 728, 731. An order adjudicating one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. *Id.*, 75 Ohio St.3d at 85, 661 N.E.2d at 731, citing *Noble, supra*, at syllabus; see, also, *Jarrett v. Dayton Osteopathic Hosp., Inc.* (1985), 20 Ohio St.3d 77, 20 OBR 407, 486 N.E.2d 99, syllabus ("An order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was 'no just reason for delay' is not a final appealable order."). Here, it is uncontroverted that the underlying action involves multiple claims (negligence, breach of lease agreement, breach of certain warranties, and loss of consortium) and multiple parties. When Judge Keefe entered his December 6, 1995 order granting plaintiffs' motion for judgment notwithstanding the verdict, some claims had been completely resolved (breach of lease agreement, breach of warranty, and loss of consortium), while the negligence claims were only partially resolved, since they awaited a determination regarding damages. Judge Keefe did not make an express determination of no just reason for delay pursuant to Civ.R. 54(B). Therefore, it appears that the December 6 order was not final and appealable.

{¶ 22} Appellees assert that Civ.R. 54(B) was inapplicable because App.R. 4(B)(5) permitted their appeal from the December 6 entry. App.R. 4(B)(5) provides that "[i]f an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. ***"

{¶ 23} App.R. 4 does not grant a party a right to appeal; it affects only the time in which a party who has the right to appeal must file the notice of appeal. 1992 Staff Note to App.R. 4. App.R.4(B)(5) specifically excludes cases involving

judgments or orders made appealable under Civ.R. 54(B). Courts have held that App.R.4(B)(5) does not make an order appealable when it would not be appealable under Civ.R. 54(B). *Grabill v. Worthington Industries, Inc.* (1993), 91 Ohio App.3d 469, 632 N.E.2d 997; *Grabill v. Worthington Industries, Inc.* (1993), 89 Ohio App.3d 485, 624 N.E.2d 1105; *Dines v. Spurlock* (Sept. 19, 1994), Clinton App. No. CA94-02-005, unreported; but, cf., *Olivito v. Cavanaugh* (Dec. 30, 1992), Jefferson App. Nos. 90-J-33 and 90-J-39, unreported, fn. 3; *Hildebrecht v. Kallay* (June 11, 1993), Lake App. No. 92-L-189, unreported. Therefore, App.R. 4(B)(5) does not necessarily render Civ.R. 54(B) inapplicable.

{¶ 24} Appellees also contend that Civ.R. 54(B) is inapplicable to the December 6, 1995 order based on our statement that "even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable." *Gen. Acc. Ins. Co. v. Ins. Co. of N. America* (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266, 270-271. However, the December 6 judgment did not moot the issue of damages on the plaintiffs' negligence claims. Thus, *General Acc. Ins. Co.* is inapplicable.

{¶ 25} In deciding a prohibition action, courts need not expressly rule on the jurisdictional issue, since review is limited to whether jurisdiction is patently and unambiguously lacking. *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 118, 647 N.E.2d 807, 810; *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 238, 638 N.E.2d 541, 545. Civ.R. 54(B) is not clearly inapplicable to the December 6, 1995 entry. Therefore, the entry was not final and appealable, and the appeal from that entry did not divest Judge Keefe of jurisdiction to proceed with the damages hearing and determination in the underlying action.

{¶ 26} For the foregoing reasons, the court of appeals erred in determining that Judge Keefe's lack of jurisdiction was patent and unambiguous. Appellees

possessed an adequate remedy by appeal to raise this issue. We sustain Judge Keefe's second and third propositions of law and reverse the judgment of the court of appeals issuing the writ of prohibition.

*Judgment reversed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

_____