OPINION
Defendant/third-party plaintiff Ioan Bradea appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of third-party defendants Colonial Insurance Company of California, the Evans Insurance Agency, and James T. Moore. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THIRD PARTY DEFENDANTS/APPELLEES COLONIAL INSURANCE COMPANY, JAMES T. MOORE AND EVANS INSURANCE AGENCY.
It appears the facts that gave rise to this case are not in dispute. Appellant purchased insurance coverage from appellee James T. Moore, an agent for appellee Colonial Insurance Company. Appellant had two cars, a 1980 Cadillac Deville and 1984 Cadillac Cimerron. Appellant asked Moore to only insure the Deville, because the Cimerron would be garaged. Through a misunderstanding on Moore's part, Colonial applied full coverage to the Cimerron, and did not cover the Deville. Appellant believed the car he planned on driving, the Deville, was fully insured.
On June 23, 1997, appellant was involved in an accident while driving the Deville. Appellee Colonial denied the claim, even though its agent Moore requested Colonial re-open the claim because of his mistake. Nevertheless, Colonial denied coverage. Because Colonial listed the Deville as uninsured, appellant was cited for failure to provide proof of financial responsibility. Appellant received a 30-day house arrest, his driver's license was suspended and he was fined. Thereafter, he had to pay a reinstatement fee to regain his driving privileges. Finally, the violation and conviction of driving without insurance increased the points on his driving record to over 12.
Later that same year, appellant and his son, John Bradea, Jr., who is not a party to this action, contacted Evans Insurance Agency for a quote on car insurance. They were given a quote for coverage on both. Appellant made a down payment for coverage on his Deville, and at the time believed he had insurance coverage. After reviewing appellant's driving record, Evans Insurance Agency notified appellant it could not insure him for the original quote, and the rate would increase substantially. Some discussion ensued over how to keep the premiums down, and appellant signed a waiver and exclusion from coverage leaving only John Jr. insured. Appellant represents he did not understand what an exclusion of insurance meant.
On March 4, 1998, appellant was involved in a collision with a motorist insured by plaintiff Progressive Insurance Company, which is not a party to this appeal. Progressive paid its insured $25,995, and sought subrogation against appellant as the tortfeasor.
Appellant filed a third-party complaint against James Moore, Evans Insurance Agency, and Colonial Insurance, alleging that as a result of the negligence and misrepresentation of these defendants, he was not insured for the accident, and as a result, liable to Progressive Insurance.
The trial court entered summary judgment on behalf of all third-party defendants, finding as to Moore and Colonial, there existed no connection between the liability issues contained in Progressive's original complaint and the liability issues appellant raised in his third-party complaint. Regarding appellee Evans Insurance Agency, the court found appellant had not presented any evidence of negligent misrepresentation.
The court's judgment entry of January 31, 2000 sustained the motions for summary judgment of all third-party defendants, but does not contain a finding there is no just reason for delay pursuant to Civ. R. 54 (B). From the record it appears the original subrogation action between Progressive and appellant is still pending.
A judgment in an action which determines a claim in the action and renders moot all other claims is a final appealable order, Wise v.Gursky (1981), 66 Ohio St.2d 241. Thus, the dismissal of Progressive's complaint against appellant, or a judgment in favor of appellant, would render moot the issue in the third-party complaint. Resolution of the third party complaint, as is the case here, does not render moot the original action.
Our appellate jurisdiction is restricted to the review of orders that are final and appealable, pursuant to Article IV, Section 3 of the Ohio Constitution and R.C. 2505.02. If an order does not adjudicate all the claims, rights, and liabilities of all the parties, then it must meet the requirements both of R.C. 2505.02 and Civ. R. 54 (B), see State ex rel.AD Limited Partnership v. Keefe (1996), 77 Ohio St.3d 50.
We find the judgment appealed from is not a final appealable order, and as such we do not have jurisdiction to review it.
For the foregoing reasons, the within appeal is dismissed.
By GWIN, P.J., HOFFMAN, J., and FARMER, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the within appeal is dismissed. Costs split amongst the parties.