OPINION
{¶ 1} On December 7, 2001, members of a committee which represent the petitioners in a referendum petition drive concerning Am.Sub.S.B. No. 5 filed a complaint in mandamus with the Franklin County Court of Common Pleas against J. Kenneth Blackwell, Ohio Secretary of State ("respondent"). The complaint averred that on August 25, 2001, members of the committee (hereinafter "relators") filed the referendum petition with the respondent and that the respondent thereafter sent the part-petitions to the respective county boards of elections, pursuant to R.C. 3519.15, and instructed the boards to reject any part-petition which failed to contain a "circulator's compensation statement" as required by R.C.3519.05.
 {¶ 2} R.C. 3519.05 sets forth the form of referendum (and initiative) petitions and requires, in essence, a statement of the amount (if any) the solicitor has received or expects to receive in consideration for soliciting signatures and from whom (including the address) such amount is received. The complaint averred that county boards of elections rejected the part-petitions on the ground that the compensation statement was not completed.
 {¶ 3} Prior to the December 7, 2001 mandamus complaint, relators had filed protests pursuant to R.C. 3519.16 with various county boards of elections of the boards' rejections of the part-petitions.[1] On December 4, 2001, respondent had determined that the referendum petition contained an insufficient number of signatures and that relators needed an additional 63,558 valid signatures and 30 additional counties in order to meet the constitutional requirements. Respondent noted that he was aware of relators' protest with the Franklin County Board of Elections but that even if the protest was decided in relators' favor, relators were still substantially short of the number of signatures required. Relators were notified that they had until December 17, 2001 to file the additional signatures.
 {¶ 4} As of the date of the filing of the mandamus action, none of relators' protests had been adjudicated pursuant to the procedure set forth in R.C. 3519.16. Indeed, on December 6, 2001, counsel for the Franklin County Board of Elections, pursuant to the procedure outlined in R.C. 3519.16, filed a "PETITION TO DETERMINE THE SUFFICIENCY OR INSUFFICIENCY OF CERTAIN REFERENDUM PART-PETITION" with the Franklin County Court of Common Pleas. Similar actions were filed by four other county boards of elections.
 {¶ 5} In the mandamus action, relators asserted that respondent had a clear legal duty to determine and certify the extent of the insufficiency of the referendum petition after — not before — adjudication of the protests filed by relators and that they had a clear legal right to a ten-day period in which to file a supplementary petition after an adjudication and a determination of the extent of any insufficiency. Relators requested the court issue a writ of mandamus ordering respondent to withdraw the December 4, 2001 notification letter and to determine the extent of the insufficiency of the referendum petition after adjudication of relators' protests. Relators asserted that the issuance of the December 4, 2001 letter prior to adjudication of the protests was contrary to law and, therefore, relators also sought a declaration that the December 4, 2001 letter was null and void and that the determination of the extent of the insufficiency must be made after adjudication of any protests. Relators also sought costs and attorney fees.
 {¶ 6} Eventually, the other county protest actions were moved to Franklin county, and all the protest actions were consolidated with the mandamus/declaratory judgment action. Respondent intervened in the protest actions. Michael Cochran, individually and as executive director of the Ohio Township Association, and the Ohio Township Association itself were permitted to intervene in the consolidated actions.
 {¶ 7} On January 4, 2002, relators filed an amended complaint adding claims that the compensation statement requirement in R.C. 3519.05
and any rejection of signatures based on incomplete compensation statements violate Section 1g, Article II of the Ohio Constitution, violate free speech rights as guaranteed by the First Amendment to the United States Constitution and Sections 3 and 11, Article I of the Ohio Constitution, and violate equal protection under the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution. Relators' claims under the United States Constitution were brought pursuant to Section 1983, Title 42, U.S. Code ("1983 action").
 {¶ 8} Relators sought a declaration that the compensation statement requirement and any rejection of signatures based upon an incomplete compensation statement violated the above constitutional provisions. Relators sought attorney fees pursuant to Section 1988, Title 42, U.S. Code ("Section 1988").
 {¶ 9} The parties filed briefs and, subsequently, filed motions for summary judgment. On February 20, 2002, the trial court rendered a decision granting relators' motion for summary judgment and denying respondent's motion for summary judgment. The trial court determined that the circulator's compensation statement requirement in R.C. 3519.05 and3519.06 violated the First Amendment to the United States Constitution. Further, the trial court found that respondent's December 4, 2001 ten-day notification letter was premature as it was issued prior to adjudication of the protests. Accordingly, the trial court permanently enjoined the December 4, 2001 letter and ordered respondent to determine the exact extent of the insufficiency of the referendum petition after receiving revised findings from the boards of elections.
 {¶ 10} On March 13, 2002, relators filed a motion for attorney fees which they claimed were awardable pursuant to Section 1988, as they were the prevailing party in the 1983 action (for violation of theFirst Amendment to the United States Constitution). Attached to this motion were the affidavit and resume of relators' attorney, an itemization of the legal services performed and the rates charged, and the affidavit of another attorney which stated that the attorney fees were reasonable and proper.
 {¶ 11} On March 15, 2002, a final judgment entry was journalized.
 {¶ 12} On March 27, 2002, Mr. Cochran and the Ohio Township Association filed a memorandum contra the motion for attorney fees. On this same date, respondent filed a memorandum contra the motion for attorney fees and a motion to stay any decision on the motion for attorney fees pending appeal of the underlying issues.
 {¶ 13} On April 14, 2002, respondent filed a notice of appeal.
 {¶ 14} For the reasons that follow, the instant appeal must be dismissed.
 {¶ 15} As indicated above, relators' 1983 action was based on the claim that R.C. 3519.05 and 3519.06 violated the First Amendment to the United States Constitution. In addition, relators requested attorney fees pursuant to Section 1988. Relators prevailed in their 1983 action and, therefore, moved for attorney fees pursuant to Section 1988. The record certified to this court indicates that such motion has not yet been addressed by the trial court.
 {¶ 16} It is well-established that an order which adjudicates fewer than all of the claims or rights of the parties and which does not meet the requirements of R.C. 2505.02 and Civ.R. 54(B) is not a final, appealable order. See State ex rel. A D Limited Partnership v. Keefe (1996), 77 Ohio St.3d 50, 56. Here, part of relators' claims was for damages in the form of attorney fees. The issue of attorney fees remains unresolved and, therefore, the March 15, 2002 "final judgment entry" did not constitute a final, appealable order.[2] See Harris v. Conrad, Warren App. No. CA2001-12-108, 2002-Ohio-3885 at ¶¶ 10-12; Westvaco Corp. v. West 114th Berea Realty Corp. (Dec. 10, 1992), Cuyahoga App. No. 61412; Pickens v. Pickens (Aug. 27, 1992), Meigs App. No. 459; Russ v. TRW, Inc. (Feb. 2, 1989), Cuyahoga App. No. 54973. Accordingly, this court lacks subject-matter jurisdiction to entertain the appeal.
 {¶ 17} As the record certified to this court indicates that a final appealable order has not yet been issued, this court lacks subject-matter jurisdiction. Therefore, the instant appeal is dismissed.
Appeal dismissed.
BOWMAN and DESHLER, JJ., concur.
[1] Relators filed a protest with the Franklin County Board of Elections on December 3, 2001 and protests with four other county boards on or about December 5, 2001.
[2] We note that such judgment entry did not contain Civ.R. 54(B) language that there was no just reason for delay.