JOURNAL ENTRY AND OPINION.
{¶ 1} Defendants-appellants, C S Development Company and John A. Calarco, appeal from the common pleas court's denial of their motion for relief from judgment pursuant to Civ.R. 60(B). For the following reasons, we find we lack jurisdiction in this matter. Therefore, we must dismiss this appeal.
 Procedural and Factual History {¶ 2} Plaintiff-appellee, Antoinette Wittannen, filed her complaint on November 22, 2000, alleging that she had loaned money to defendant Calarco (her brother) and C S Development Co. and/or allowed them to charge items to her credit card, and defendants verbally agreed to repay her. She claimed the total amount due to her was $40,241.32. She further claimed that Calarco personally guaranteed the repayment. Finally, she asserted that defendants agreed to make the monthly payments on an automobile lease which Wittannen entered into for a vehicle for Calarco's use. Wittannen alleged that they had failed to make four of the payments, a total of $1682.04, leaving Wittannen liable for those payments. She also claimed she was required to buy out the remainder of the lease. Defendants answered and counterclaimed, asserting that Wittannen converted funds and business records of C S.
 {¶ 3} The case proceeded to a bench trial on March 12, 2002. Wittannen was the only witness; Calarco was not available, although he and C S were represented by counsel. In opening statements, defense counsel discussed the counterclaim, indicating that the evidence would show that Wittannen had control of C S's bank accounts and wrote checks to herself and made payments on accounts on which she was personally liable without permission from the officers of the corporation. He further asserted that the evidence would show Wittannen retained documents belonging to the corporation. Calarco and C S's counsel then stated:
 {¶ 4} "I ask for a procedural clarification. I will be, obviously cross-examining the main witness [Wittannen]. How do you want me to handle my case-in-chief? Should I just reserve that and then recall her? Or what is the Court's preference?"
 {¶ 5} The court immediately went off the record. We found no further discussion of the counterclaim in the transcript.
 {¶ 6} The court entered judgment for plaintiff on June 20, 2002. The court found that Wittannen loaned money to C S and Calarco and that Calarco personally promised to repay it. The court determined that this oral promise did not fall within the statute of frauds. The court found the total amount of the loans was $36,640.39, and entered judgment for plaintiff in this amount.
 {¶ 7} On October 9, 2002, Calarco and C S moved the court for relief from judgment through new counsel. They claimed that Wittannen retained corporate records, including cancelled checks, and refused to return them. They further claimed that Wittannen made deposits and wrote checks on the corporate account but would not provide them with an accounting. They alleged that during trial Wittannen overstated the amounts due to her. The court denied the motion for relief from judgment, holding that "the defense has not submitted sufficient evidence of fraud to indicate that he is entitled to relief under Civ.R. 60(B), where the court conducted a full trial and no evidence was produced indicating defendants [sic] fraud defense. In addition, it is well established that Civ.R. 60(B) motions are not an appropriate substitute for filing a timely direct appeal from the underlying judgment. [Citation omitted.] Therefore, a motion to vacate pursuant to Civ.R. 60(B) may not be granted where the effect would be to allow an otherwise untimely appeal. [Citation omitted.] Consequently, def. motion denied."
 Law and Analysis {¶ 8} Although the parties' arguments focus on the court's decision on the Civ.R. 60(B) motion for relief from judgment, at oral argument, appellee's counsel conceded that the common pleas court had never addressed appellants' counterclaims and therefore no final judgment was ever entered. Because no final order has been entered, we have no jurisdiction to review the matter at this time.
 {¶ 9} Calarco and C S's affirmative defenses and counterclaim raised essentially the same issues raised in the motion for relief from judgment, that is, that Wittannen removed funds from the corporation's bank account and refused to return corporate records. These claims were not addressed at trial. Although defense counsel discussed them in his opening statement, the court requested closing arguments immediately after the plaintiff rested her case. Thus, Calarco and C S were not given an opportunity to present evidence on these issues at trial. The court never took evidence or ruled upon the counterclaims before or after the trial.
 {¶ 10} Civil Rule 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 11} The judgment entry after trial did not address the affirmative defenses and counterclaims and did not include a determination that there was no just reason for delay. Therefore, it did not terminate the action as to any of the claims, and it was not a final order. See, e.g., State ex rel. A D Ltd. Partnership v. Keefe
(1996), 77 Ohio St.3d 50, 56-57. The court's ruling on appellants' motion for relief from judgment also is not appealable. Jarrett v. DaytonOsteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77. Until the common pleas court hears and decides the affirmative defenses and counterclaims raised in the answer, this matter remains pending before the common pleas court, and we have no jurisdiction to consider this appeal.
Appeal dismissed.
Diane Karpinski, J., P.J. and Sean C. Gallagher, J., Concur
*Sitting by assignment, Judge John T. Patton, retired, of the Eighth District Court of Appeals.