OPINION
{¶ 1} Appellant, Steven Fiederer, appeals from the judgment of the Lake County Common Pleas Court, which confirmed the amended report and award of arbitrators. Because the judgment appealed from is not a final appealable order, we dismiss this appeal.
 {¶ 2} Appellees, Burton Industries, Burton Hydraulics, and Chris Burton (collectively "Burton") filed a nine-count complaint against Fiederer, S K Hydraulics, and Ken Wallace. Count one alleged Wallace had misappropriated trade secrets from Burton. Count two alleged Fiederer had converted or misappropriated trade secrets from Burton. Count three alleged S K Hydraulics had converted or misappropriated trade secrets from Burton. Count four alleged Fiederer had engaged in deceptive trade practices. Count five alleged S K Hydraulics had engaged in deceptive trade practices. Count six alleged Fiederer had interfered with Burtons' contracts and business relationships. Count seven alleged S K Hydraulics had interfered with Burtons' contracts and business relationships. Count eight alleged Fiederer committed fraud. Count nine alleged Fiederer was Burton's agent and had breached his fiduciary duties.
 {¶ 3} The trial court referred the case to non-binding arbitration pursuant to the Lake County Local Rules. After a hearing, the arbitrators prepared a report and award that stated;
 {¶ 4} "1. Defendant Ken Wallace is dismissed as a party defendant by agreement of plaintiff [and] defendant.
 {¶ 5} "2. Counts 1, 2, [and] 3 are dismissed as to all defendants.
 {¶ 6} "3. Judgment for the plaintiffs Burton Industries Burton Hydraulics on counts 3 thru 9 against defendant Steven Fiederer in the amount of 20,370.00 and costs."
 {¶ 7} This report and award was filed on September 9, 2003.
 {¶ 8} On November 28, 2003, the arbitrators filed an "amended" report and award that stated:
 {¶ 9} "1. Defendant Ken Wallace is dismissed as a party defendant by agreement of plaintiff and defendant.
 {¶ 10} "2. Counts 1, 2, 3 are dismissed as to all defendants.
 {¶ 11} "3. Judgment for the plaintiffs Burton Industries-Burton Hydraulics on Counts 4 through 9 against defendant Steven Fiederer in the amount of $20,370.00 and costs."
 {¶ 12} Fiederer filed a "Notice of Appeal De Novo" with the trial court on December 29, 2003. On December 30, 2003 the trial court entered an order stating in relevant part:
 {¶ 13} "Upon consideration of the Appeal De Novo, it is the finding of the Court that a clerical error, which in no way affects the substantive rights of either party, and which error was corrected by a subsequent filing by the arbitration chairman, does not extend the appeal deadline.
 {¶ 14} "* * *
 {¶ 15} "WHEREFORE, it is the opinion of the Court that the appealing party has lost its right to appeal through delay and that said appeal must be dismissed by rule." (Emphasis sic.)
 {¶ 16} On December 30, 2003 the trial court put on a judgment entry adopting the amended report and award. Fiederer appeals from this judgment entry raising three assignments of error:
 {¶ 17} "[1.] The trial court erred in entering judgment against defendant Fiederer based upon an arbitration award wherein the arbitrators so imperfectly executed their powers that a mutual, final and definite award upon the entire subject matter was not made.
 {¶ 18} "[2.] The court erred in entering a "Final Award" that fails to adjudicate all of the claims and rights and liabilities of fewer than all the parties."
 {¶ 19} "[3.] The trial court erred in determining that the amended arbitration award was the correction of a clerical error and denying the appeal de novo filed by defendant appellant."
 {¶ 20} This case involved multiple claims against multiple parties. The trial court's judgment does not resolve the claims of Chris Burton, a party plaintiff, set forth in counts four through nine of the complaint. Further, the trial court's judgment purports to enter judgment against Fiederer on counts five and six of the complaint but counts five and six do not raise claims against Fiederer but only against S K Hydraulics. Thus, these claims remain pending and the trial court's judgment fails to resolve all claims against all parties.
 {¶ 21} Civ.R. 54(B) provides:
 {¶ 22} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 23} Here, the judgment entry appealed from does not contain the requisite "no just reason for delay" language and is not a final appealable order. State ex rel. the A D Ltd. Partnership v. Keefe,77 Ohio St.3d 50, 56-57, 1996-Ohio-95. Thus, we lack jurisdiction to consider the merits of this appeal. Section 3(B)(2), Article IV, Ohio Constitution.
 {¶ 24} For the foregoing reasons, this appeal is dismissed.
Ford, P.J., Grendell, J., concur.