MEMORANDUM OPINION
{¶ 1} On July 13, 2005, appellant/cross-appellee, Con-Way Transportation Services, Inc., filed a notice of appeal from a July 11, 2005 judgment of the Lake County Court of Common Pleas. On August 10, 2005, appellee/cross-appellant, Avery Dennison Corporation, filed a cross notice of appeal. In the July 11, 2005 judgment, the trial court entered judgment in favor of appellee/cross-appellant in the amount of $304,635.58, plus costs.
 {¶ 2} After reviewing the November 7, 2003 complaint in this matter, it is clear that in count two there was a request for reformation of the contract. This constitutes a separate claim for relief aside from the damages issue. In fact, the trial court ordered both parties to submit briefing on that claim. According to the docket sheet, both parties filed their respective briefs with the trial court on August 5, 2005.
 {¶ 3} Civ. R. 54(B) provides that:
 {¶ 4} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 5} Here, it is clear from the July 11, 2005 entry that the trial court decided the issue of damages, but has yet to determine the claim for contract reformation. It is well-established that in a situation where multiple claims are involved, a judgment entry that enters final judgment as to one or more but fewer that all of the claims is not a final appealable order in the absence of Civ. R. 54(B) language stating that "there is no just reason for delay[.]" Girard v. LeatherworksPartnership, 11th Dist. No. 2001-T-0138, 2002-Ohio-7276, at ¶ 17, citingState ex rel. A D Ltd. Partnership v. Keefe (1966), 77 Ohio St.3d 50,56.
 {¶ 6} In the case at hand, the claim for contract reformation remains pending. The July 11, 2005 judgment entry that was appealed from did not contain any Civ. R. 54(B) language. Thus, without the inclusion of Civ. R. 54(B) language, there is no final appealable order.
 {¶ 7} Accordingly, this appeal and cross-appeal are dismissed due to lack of a final appealable order.
 {¶ 8} Appeals dismissed.
O'Neill, J., Grendell, J., concur.