MEMORANDUM OPINION
{¶ 1} On December 28, 2006, appellant, Scott Williams, d.b.a. Scott Williams Electric, filed a notice of appeal with this court from a November 27, 2006 judgment entry of the Lake County Court of Common Pleas. *Page 2 
 {¶ 2} In the November 27, 2006 entry, the trial court ordered that appellee, USA Management and Development, Inc. be awarded judgment on the third party complaint filed by appellant. The trial court also rendered judgment in favor of appellant on appellee's counterclaim.
 {¶ 3} On January 25, 2007, this court issued a judgment entry indicating that we may not have jurisdiction to consider the appeal pursuant to Civ.R. 54(B). Specifically, appellant's claims had not been resolved in the trial court against third party defendant Stackhouse Construction and the appealed judgment did not indicate that there is no just reason for delay. We, therefore, ordered appellant to show cause as to why the appeal should not be dismissed for lack of a final appealable order.
 {¶ 4} On February 8, 2007, appellant filed a "Motion to Show Cause" in response to our judgment entry, which indicated that appellant agreed with our January 25, 2007 entry that the appeal should be dismissed for lack of a final appealable order.
 {¶ 5} Civ.R. 54(B) provides that:
 {¶ 6} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any *Page 3 
time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 7} Here, it is clear from the November 27, 2006 entry that there are still claims pending against third party defendant Stackhouse Construction. It is well-established that in a situation where multiple claims and/or parties are involved, a judgment entry that enters final judgment as to one or more but fewer than all of the claims is not a final appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" Girard v. LeatherworksPartnership, 11th Dist. No. 2001-T-0138, 2002-Ohio-7276, at ¶ 17, citingState ex rel. A D Ltd. Partnership v. Keefe (1996), 77 Ohio St.3d 50,56. The November 27, 2006 judgment entry that was appealed from does not contain any Civ.R. 54(B) language. Thus, without the inclusion of Civ.R. 54(B) language, there is no final appealable order.
 {¶ 8} Based upon the foregoing analysis, this appeal is dismissed due to lack of a final appealable order.
 {¶ 9} Appeal dismissed.
 WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, P.J., concur. *Page 1