OPINION
{¶ 1} On January 23, 2007, appellant, Tari S. Vogias, filed a notice of appeal with this court from a January 12, 2007 judgment entry of the Portage County Court of Common Pleas.
 {¶ 2} In the January 12, 2007 entry, the trial court granted the motion for summary judgment filed by appellee, Ohio Farmers Insurance Company, and granted appellee judgment against appellant. *Page 2 
 {¶ 3} On March 7, 2007, this court issued a judgment entry remanding the matter to the trial court for the sole purpose of allowing the trial court to conduct further proceedings as to the newly added claim in an amended complaint filed on December 4, 2006. On May 1, 2007, appellee filed a motion for summary judgment as to appellant's amended complaint. In that motion, appellee moved the trial court for summary judgment in its favor on the second claim of bad faith and the claim for punitive damages as alleged in the amended complaint. On May 7, 2007, the trial court ordered that the case "shall come on for a non-oral hearing on summary judgment 21 days from the date of this entry."
 {¶ 4} Since the trial court has not yet ruled on the second claim in plaintiffs amended complaint, we do not have jurisdiction to consider the appeal pursuant to Civ.R. 54(B). Civ.R. 54(B) provides that:
 {¶ 5} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Page 3 
 {¶ 6} It is well-established that in a situation where multiple claims are involved, a judgment entry that enters final judgment as to one or more but fewer than all of the claims is not a final appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" Girard v. Leatherworks Partnership, 11th Dist. No. 2001-T-0138, 2002-Ohio-7276, at ¶ 17, citing State ex rel. A D Ltd.Partnership v. Keefe (1996), 77 Ohio St.3d 50, 56.
 {¶ 7} Here, it is clear from both the January 12, 2007 entry and the May 7, 2007 entry that there is still a claim pending against appellee that was added in appellant's amended complaint. The January 12, 2007 and May 7, 2007 judgment entries that were appealed from do not contain any Civ.R. 54(B) language, and do not dispose of the newly added claim contained in appellant's amended complaint. Thus, without the inclusion of Civ.R. 54(B) language, there is no final appealable order.
 {¶ 8} Based upon the foregoing analysis, this appeal is dismissed due to lack of a final appealable order.
 {¶ 9} Appeal dismissed.
 WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, P.J., concur. *Page 1