OPINION *Page 2 
{¶ 1} Defendant Bryan E. Wing, DBA Superior Homes, appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, overruling their motion for a new trial or remittitur, or in the alternative, for judgment notwithstanding the jury verdict in favor of plaintiffs Timothy and Kris Owen on their complaint for breach of contract, negligence, and violation of the Ohio Consumer Practices Act. Appellant assigns a single error to the trial court:
 {¶ 2} "I. IT IS ERROR FOR A TRIAL COURT TO SET FORTH A PURPORTED JUDGMENT IN A CASE WHEN THAT DOCUMENT, IN CONTRAVENTION OF CIVIL RULE 58(A), FAILS TO CONTAIN THE ACTUAL SIGNATURE OF THE TRIAL JUDGE RENDERING THAT PURPORTED JUDGMENT A NON FINAL APPEALABLE ORDER.
 {¶ 3} Appellant filed a counterclaim, alleging appellees breached the contract in that their title agency was holding $7,500.00 in escrow, which appellant argues should be paid out to him. Both the complaint and the counterclaim contained a jury demand. The jury interrogatory number two shows the jury found appellees did not breach their contract concerning the construction of the home. The jury made separate awards on the various claims. The trial court's judgment entry on the verdict does not mention the counterclaim, and we find it remains pending.
 {¶ 4} Ohio law provides appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), ArticleIV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. *Page 3 
 {¶ 5} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ. R. 54(B), are met. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,541 N.E.2d 64, syllabus.
 {¶ 6} Civ.R. 54(B) requires a court to make an express determination there is no just reason for delay in order to make appealable an order adjudicating fewer than all the claims or the rights of fewer than all the parties. Civ.R. 54(B) must be followed when a case involves multiple claims or multiple parties. State ex rel. A D Ltd. Partnership v.Keefe (1996), 77 Ohio St.3d 50, 56, 671 N.E.2d 13.
 {¶ 7} We find the order appealed from is not a final order, and as such, we have no jurisdiction to review it.
 {¶ 8} The appeal is dismissed.
Gwin, P.J., Hoffman, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction. Costs to appellant. *Page 1