GRABILL, Appellant,

v.

WORTHINGTON INDUSTRIES, INC. et al., Appellees.

MOORE et al., Appellants,

v.

COLUMBUS SOUTHERN POWER COMPANY et al., Appellees.

CLAYTOR, Admr., Appellant,

v.

WORTHINGTON INDUSTRIES, INC. et al., Appellees.

TITUS, Admr., Appellant,

v.

COLUMBUS SOUTHERN POWER COMPANY et al., Appellees.

[Cite as *Grabill v. Worthington Industries, Inc.* (1993), 89 Ohio App.3d 485.]

Court of Appeals of Ohio,
Franklin County.

Nos. 93AP–770 to 93AP–772 and 93AP–775.

Decided Sept. 2, 1993.

*Butler, Cincione, DiCuccio & Dritz, Matthew P. Cincione* and *Stanley B. Dritz,* for appellant Jeffrey L. Grabill.

*Spangenberg, Shibley, Traci & Lancione, Robert V. Traci* and *John R. Liber II,* for appellants Moores and Tacketts.

*McCarthy, Palmer, Volkema & Becker* and *William C. Becker,* for appellant Ellen J. Claytor.

*Michael F. Colley Co., L.P.A.,* and *Daniel N. Abraham,* for appellant Patricia L. Titus.

*Hamilton, Kramer, Myers & Cheek* and *Austin P. Wildman,* for appellee Worthington Industries.

*Porter, Wright, Morris & Arthur, Joseph W. Ryan, Jr.* and *James D. Curphey,* for appellees Columbus Southern Power Co. and American Electric Power Co.

WHITESIDE, Judge.

Defendants-appellees, American Electric Power Company ("AEP") and Columbus Southern Power Company ("CSPC"), have filed a motion to dismiss the appeals of plaintiffs-appellants. Defendants argue that this court does not have jurisdiction because the orders appealed from are not final appealable orders.

Plaintiffs filed four separate cases. Case No. 93AP–770 involves plaintiff Jeffrey L. Grabill and defendants Worthington Industries ("Worthington"), CSPC, AEP, Magnetek–Ohio Transformer Corporation, f.k.a. Ohio Transformer Corporation ("Ohio Transformer"), and Rustgo Company. Case No. 93AP–771

involves plaintiffs Thomas and Sharry Moore and Willard and Adeline Tackett and defendants CSPC, AEP, Ohio Transformer, Worthington, and Rustgo. Case No. 93AP–772 involves plaintiff Ellen J. Claytor and defendants Worthington, AEP, CSPC, Ohio Transformer, Rustgo and also Target Construction Company ("Target"). Case No. 93AP–775 was filed by plaintiff Patricia L. Titus against CSPC, AEP, Ohio Transformer, Rustgo and Worthington. The cases resulted from an accident in which scaffolding used in installing siding on a warehouse came into contact with electric power lines causing injuries and deaths.

The four cases were consolidated for hearing in the trial court by entry dated December 10, 1991. Ohio Transformer[1] and Rustgo[2] were subsequently dismissed from all cases. The trial court granted the motions for summary judgment of AEP and CSPC dismissing all plaintiffs' claims against them. Claytor's claim against Target was voluntarily dismissed on April 20, 1993. The claims against Worthington remain pending in all of the cases. Plaintiffs are appealing the granting of the summary judgment motions. The cases were consolidated for briefing and hearing by this court by entry filed June 25, 1993.

Plaintiffs appeal from the orders granting summary judgment and dismissing their claims against AEP and CSPC. Defendants argue that this court does not have jurisdiction because the orders appealed from are not final appealable orders.

█ Only final orders are reviewable by this court. If the order is not final under R.C. 2505.02, this court does not have jurisdiction to determine the issues. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381. A final order is defined in R.C. 2505.02 as:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

R.C. 2505.03(A) provides that final orders are appealable, as follows:

"Every final order, judgment, or decree of a court * * * may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction."

---

1. Ohio Transformer was voluntarily dismissed by Grabill on January 28, 1992; by the Moores and Tacketts on February 5, 1992; by Claytor on February 11, 1992; and by Titus on June 3, 1992.

2. Rustgo was dismissed by all plaintiffs on June 23, 1992.

Civ.R. 54(B) is also applicable to this situation which involves claims against more than one party and provides as follows:

"* * * [W]hen multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. *In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the* claims or the *rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*" (Emphasis added.)

The Ohio Supreme Court stated in the syllabus of *Noble, supra,* that:

"An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable."

 In this case, the order is not a final appealable order since the order does not contain the finding that "there is no just reason for delay." Without such language, the order does not terminate the action as to any of the parties nor any of the claims, and the order is subject to revision at any time prior to final judgment as to all claims and parties.

Plaintiffs argue that the amendment to App.R. 4(B)(5), effective July 1, 1992, indicates that an order which adjudicates the case as to fewer than all the parties or claims without a Civ.R. 54(B) finding that "there is no just reason for delay" is a final order which may either be appealed immediately or upon final determination of the case. App.R. 4(B)(5) provides:

"*If an appeal is permitted from a judgment or order* entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B)." (Emphasis added.)

App.R. 4(B) does not purport to amend the language of Civ.R. 54(B). Rather, its language specifically excludes cases involving judgments or orders made appealable under Civ.R. 54(B) and states that Division (A) of App.R. 4 applies to an order made appealable under Civ.R. 54(B). Division (A) of App.R. 4 provides that a notice of appeal must be filed within thirty days of the later "entry" of

judgment or order appealed, or service thereof if not within three days of filing.[3]

■ App.R. 4(B)(5) states it applies only to those orders from which appeals are *"permitted."* An appeal is "permitted" only of orders which are final under R.C. 2505.02. If an order determining the case with respect to fewer than all the parties without a "no just cause for delay" finding were final, it could not be the subject of later revision since a final order is not subject to reconsideration. *Pitts v. Dept. of Trans.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105; see, also, Staff Note to App.R. 4.[4]

In this case, the trial court granted the motion for summary judgment as to only two of the multiple parties. The claims against Worthington are still pending. The orders did not contain the finding that "there is no just reason for delay," as required by Civ.R. 54(B) to make the order final. Since the order is subject to revision by the trial court, it is not final and appealable until all the claims against all the parties are resolved. See Civ.R. 54(B). No appeal is permitted from the orders within the contemplation of App.R. 4(B)(5). The orders appealed from are not final appealable orders under R.C. 2505.02.

For the foregoing reasons, defendants-appellees' motion to dismiss is sustained, and these four appeals are dismissed for want of an appealable order.

*Appeals dismissed.*

PEGGY BRYANT, P.J., and CLOSE, J., concur.

---

**3.** App.R. 4(A) provides:
"A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

**4.** The Seventh Appellate District, in *Olivito v. Cavanaugh* (Dec. 30, 1992), Jefferson App. Nos. 90–J–33 and 90–J–39, unreported, fn. 3, 1992 WL 398435, made reference to this amendment to App.R. 4. Additionally, the Eleventh Appellate District discussed the amendment in *Hildebrecht v. Kallay* (June 11, 1993), Lake App. No. 92–L–189, unreported, fn. 1, 1993 WL 419138. Neither case adjudicated the issue of whether the order was final, but each assumed the order was final without discussion. See the first paragraph of the syllabus of *State ex rel. Gordon v. Rhodes* (1952), 158 Ohio St. 129, 48 O.O. 64, 107 N.E.2d 206.