**GRABILL, Appellant,**

v.

**WORTHINGTON INDUSTRIES, INC. et al., Appellees.**

**MOORE et al., Appellants,**

v.

**COLUMBUS SOUTHERN POWER COMPANY et al., Appellees.**

**CLAYTOR, Admr., Appellant,**

v.

**WORTHINGTON INDUSTRIES, INC. et al., Appellees.**

**TITUS, Admr., Appellant,**

v.

**COLUMBUS SOUTHERN POWER COMPANY et al., Appellees.**

[Cite as *Grabill v. Worthington Industries, Inc.* (1993), 91 Ohio App.3d 469.]

Court of Appeals of Ohio,
Franklin County.

Nos. 93AP–770, 93AP–771, 93AP–772 and 93AP–775.

Decided Nov. 16, 1993.

470

*Butler, Cincione, DiCuccio & Dritz, Matthew P. Cincione* and *Stanley B. Dritz,* for appellant Jeffrey L. Grabill.

*Spangenberg, Shibley, Traci & Lancione, Robert V. Traci* and *John R. Liber II,* for appellants Moores and Tacketts.

*McCarthy, Palmer, Volkema & Becker* and *William C. Becker,* for appellant Ellen J. Claytor.

*Michael F. Colley Co., L.P.A.,* and *Daniel N. Abraham,* for appellant Patricia L. Titus.

*Hamilton, Kramer, Myers & Cheek* and *Austin P. Wildman,* for appellee Worthington Industries, Inc.

*Porter, Wright, Morris & Arthur, Joseph W. Ryan, Jr.* and *James D. Curphey,* for appellees Columbus Southern Power Co. and American Electric Power Co.

## ON MOTION FOR RECONSIDERATION

WHITESIDE, Judge.

Plaintiff-appellant, Ellen J. Claytor, has filed a motion for reconsideration of the opinion of this court previously rendered in *Claytor v. Worthington Indus-*

*tries, Inc.* (1993), 89 Ohio App.3d 485, 624 N.E.2d 1105.[1] Plaintiff contends that this court was incorrect in dismissing her appeal from an interlocutory order granting partial summary judgment finding the order was not a final, appealable order.

Plaintiff has filed this motion pursuant to App.R. 26, which provides:

"Application for reconsideration of any cause or motion submitted on appeal shall be made in writing before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization within ten days after the announcement of the court's decision, whichever is the later. The filing of an application for reconsideration shall not extend the time for filing a notice of appeal in a court of appeals."

This court stated the primary test applicable to motions for reconsideration in *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus, as:

" * * * whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by [this] court when it should have been."

In this case, plaintiff has not pointed to an obvious error, or raised any issues that were not considered in full but, rather, merely reargues the issues decided in our previous decision.

■ In our decision, this court concluded that the amendment to App.R. 4(B)(5), effective July 1, 1992, does not amend the language of Civ.R. 54(B), and in the absence of the language "no just reason for delay," the trial court's decision granting summary judgment is not "final," as that term is used in R.C. 2505.02. Plaintiff argues that this conclusion is incorrect.

As stated in the decision, only final orders are reviewable by this court. A "final order" is defined in R.C. 2505.02 as:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

---

1. This case was consolidated by this court for briefing and hearing with *Grabill v. Worthington Industries, Inc. et al.,* Franklin App. No. 93AP–770; *Moore et al. v. Columbus S. Power Co. et al.,* Franklin App. No. 93AP–771; and *Titus v. Columbus S. Power Co. et al.,* Franklin App. No. 93AP–775. See 89 Ohio App.3d 485, 624 N.E.2d 1105.

R.C. 2505.03 provides that final orders are reviewable. Plaintiff argues that the order granting summary judgment to only two of the multiple defendants is a final, appealable order pursuant to App.R. 4(B)(5), which provides:

"*If an appeal is permitted from a judgment or order* entered in a case in which the trial court has not disposed of all claims as to all parties, *other than a judgment or order entered under Civ.R. 54(B)*, a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. *Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B).*" [2] (Emphasis added.)

However, App.R. 4(B) expressly exempts judgments or orders entered under Civ.R. 54(B), which provides:

"[W]hen multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, *any order* or other form of decision, however designated, *which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

Civ.R. 54(B) applies to this situation. A summary judgment motion was granted as to only two of the multiple defendants in this case. The entry did not include a finding that there is "no just reason for delay." See *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 617 N.E.2d 1136. As such, Civ.R. 54(B) provides that the entry does "not terminate the action as to any of the claims or parties" and the order is subject to revision at any time before entry of judgment terminating the action as to all of the parties. See *Alexander v. Buckeye Pipe Line Co.* (1977), 49 Ohio St.2d 158, 3 O.O.3d 174, 359 N.E.2d 702. Therefore, the order is not a final, appealable order.

Plaintiff argues that this interpretation renders the amendment to App.R. 4(B)(5) meaningless and erroneously states that there is no other possible application of the rule. R.C. 2505.02 itself indicates the inaccuracy of plaintiff's contention in providing that a final order includes any order affecting a substan-

---

2. App.R. 4(A) provides:

"A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

tial right in special proceedings.[3] In addition, the new rule would, *inter alia,* apply to appeals granting or denying stays for arbitration pursuant to R.C. 2711.02 and to appeals from prejudgment attachments pursuant to R.C. 2715.46. Likewise, the rule may apply to eviction and other actions to which Civ.R. 54(B) does not apply. See *Cuyahoga Metro. Hous. Auth. v. Jackson* (1981), 67 Ohio St.2d 129, 21 O.O.3d 81, 423 N.E.2d 177.

Plaintiff also quotes the Staff Note to App.R. 4 as "a party should have the option to appeal a partial final judgment or order either immediately or at the end of the entire case." Plaintiff is correct in that the Staff Note sets forth this reasoning behind the amendment. However, plaintiff omitted the following language:

"Division (B)(5) is intended to give to a party *who has the right to appeal* a partial final judgment or order under section 2505.02 of the Revised Code the option to appeal the judgment or order at the time it is entered or when the final judgment disposing of all claims as to all parties is entered." (Emphasis added.)

In this case, plaintiff does not have the right to appeal, since the order is not a final, appealable one. Additionally, the Staff Note later indicates:

"Division (B)(5) excludes one type of partial final judgment from its operation—the judgment entered under Civ.R. 54(B)."

Therefore, the amendment to App.R. 4(B)(5) does not apply to the order in this case. It is designed for situations such as an order affecting a substantial right made in a special proceeding, or an order denying joinder of a party in which the rights of a party are prejudiced or lost if not appealed immediately. In this case, plaintiff may appeal when a final order adjudicating all the claims and the rights and liabilities of all the parties is entered.

Plaintiff also argues that this order is final since a settlement agreement is awaiting approval from probate court. Until approved, the settlement agreement does not end the case. Therefore, the agreement does not render the order a final, appealable one.

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

*Motion for reconsideration denied.*

PEGGY BRYANT, P.J., and CLOSE, J., concur.

---

**3.** The number of appeals of this nature will be affected by the recent decision in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213.