OPINION
Pedro J. Fernandez ("Mr. Fernandez" or "appellant") has appealed the February 16, 2001 judgment entry of the Franklin County Court of Common Pleas denying his motion to reconsider the trial court's January 17, 2001 entry granting summary judgment for Ohio State Center for Pain Control, Dr. Nestor Narcelles, Dr. Steven Severyn, and Dr. Michael Stanek. Mr. Fernandez also has appealed the February 16, 2001 judgment entry granting summary judgment for Dr. Michael Orzo. For the following reasons, we affirm in part and reverse in part.
On September 19, 1999, Mr. Fernandez filed a complaint in the Franklin County Court of Common Pleas demanding judgment for personal injuries allegedly caused by the medical care of Ohio State Pain Control Center, Dr. Narcelles, Dr. Severyn, Dr. Stanek, and Dr. Orzo. In his complaint, Mr. Fernandez alleged that, on November 6, 1998, he was injured in an occupational accident. As a result, he suffered permanent neck and back injuries. Mr. Fernandez further alleged that, due to medical care rendered, his pain increased drastically, and he has suffered painful and long-lasting bodily injuries.
Ohio State Center for Pain Control, Dr. Narcelles, Dr. Severyn, and Dr. Stanek all filed timely answers. On October 30, 2000, Mr. Fernandez filed a motion for default judgment against Dr. Orzo. On December 5, 2000, Dr. Orzo filed a memorandum contra to the motion for default judgment alleging excusable neglect. Also, on December 5, 2000, Dr. Orzo filed a motion for leave to file an answer. On December 18, 2000, the trial court granted Dr. Orzo's motion for leave to file an answer and denied the motion for default judgment filed by Mr. Fernandez.
On December 19, 2000, Dr. Orzo filed a motion for summary judgment. On February 16, 2001, the trial court granted Dr. Orzo's motion for summary judgment holding that, because the actions that appellant complained of were allegedly committed within the scope of Dr. Orzo's employment at the Ohio State University Hospital, pursuant to R.C. 2743.02(F), the trial court was without jurisdiction to proceed over the claims with respect to Dr. Orzo.
On December 15, 2000, Ohio State Center for Pain Control, Dr. Narcelles, Dr. Severyn, and Dr. Stanek filed a motion for summary judgment. On January 17, 2001, the trial court granted the motion for summary judgment holding that Mr. Fernandez failed to submit competent medical expert testimony establishing the medical negligence alleged in the complaint.
On January 23, 2001, Mr. Fernandez filed a motion to reconsider the trial court's decision granting summary judgment on January 17, 2001. On February 16, 2001, the trial court denied the motion stating that the affidavit of Dr. James Powers, attached to the motion, was insufficient as a matter of law to withstand the motion for summary judgment.
On February 23, 2001, Mr. Fernandez filed a motion with the trial court to "perform a complete reevaluation" of the case. On March 5, 2001, the trial court denied the motion and held that Mr. Fernandez had failed to present any credible evidence or law to support his claim for medical malpractice.
Mr. Fernandez has appealed the trial court's rulings.
Before this court can address appellant's assignments of error, we must first determine whether we have subject matter jurisdiction to proceed over this appeal. Ohio State Center for Pain Control, Dr. Narcelles, Dr. Severyn, and Dr. Stanek assert that appellant did not timely file an appeal of the trial court's January 17, 2001 decision granting summary judgment in their favor. A review of the record, along with appellant's brief and his eight assignment of errors contained therein, clearly indicates that appellant is attempting to appeal the following two orders rendered by the trial court: (1) the February 16, 2001 decision and entry denying appellant's motion to reconsider the January 17, 2001 decision and entry granting summary judgment in favor of Ohio State Center for Pain Control, Dr. Narcelles, Dr. Severyn, and Dr. Stanek; and (2) the February 16, 2001 order granting summary judgment in favor of Dr. Orzo. By filing a separate notice of appeal as to each order, appellant has proceeded as if each of the trial court's decisions and entries are final appealable orders. However, the January 17, 2001 decision and entry of the trial court only granted summary judgment in favor of four of the five appellees, and did not contain an express determination that there was no just cause for delay to file an appeal. The trial court did not grant appellee Dr. Orzo's motion for summary judgment until February 16, 2001. Absent the trial court's express determination that there is no just reason for delay, the January 17, 2001 decision and entry did not serve as a final appealable order. Grabill v. Worthington Industries, Inc. (1993), 89 Ohio App.3d 485. Consequently, not until the trial court's February 16, 2001 decision and entry granting summary judgment in favor of Dr. Orzo was the action terminated as to all parties. At that point, the trial court's decision and entry became a final appealable order, and it is from that decision and entry that the appeal is timely before this court pursuant to App.R. 4(A).
Appellant assigns the following eight assignments of error:
 I. THE COURT ERRED WHEN DENYING PLAINTIFF'S REQUEST FOR TIME IN ORDER TO SUBMIT RELEVANT EVIDENCE.
 II. THE COURT ERRED WHEN GRANTING DEFENDANTS' SUMMARY JUDGMENT DISREGARDING SUBMITTED EVIDENCE.
 III. THE COURT ERRED WHEN IT ACTED IN A PREJUDICE MANNER THAT DAMAGED THE INTEREST OF PLAINTIFF.
 IV. THE COURT ERRED WHEN OBSTRUCTING DUE PROCESS OF DISCOVERY ACCORDING TO THE RULES OF PRACTICE OF THE COURT OF COMMON PLEAS.
 V. THE COURT ERRED WHEN ALLOWING ERRORS IN FAVOR OF DEFENDANT AS EXCUSABLE NEGLECT DENYING PLAINTIFF A SIMILAR ALLOWANCE.
 VI. THE COURT ERRED WHEN IT FAILED TO RECOGNIZE UNETHICAL CONDUCT DISPLAYED BY DEFENDANTS' ATTORNEY.
 VII. THE COURT ERRED TO RECOGNIZE THE CAPACITY OF DEFENDANT (MICHAEL ORZO) WHEN RENDERING MEDICAL SERVICE TO PLAINTIFF.
 VIII. THE COURT ERRED AS TO THE EXTENT OF THE JUDGMENT GRANTED.
Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 * * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66.
Furthermore, the moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id.
Finally, appellate review of summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6,8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial are found to support it, even if the trial court failed to consider those grounds. (See Dresher, supra; Coventry Twp. v. Ecker [1995], 101 Ohio App.3d 38,41-42.)
To analyze the issues in this appeal correctly, we must address the issues pertinent to Dr. Orzo separately from the issues pertinent to the other parties. Counsel for Dr. Orzo properly raised the question of whether Dr. Orzo was a state employee acting within the scope of his employment when he rendered care to Mr. Fernandez. This question has to be addressed in the Ohio Court of Claims before any litigation can be pursued against Dr. Orzo's common pleas court. Thus, the trial court was correct to order the claims against Dr. Orzo to be dismissed at this time.
All the assignments of error with respect to Dr. Orzo are overruled.
In his complaint filed in common pleas court, Mr. Fernandez alleged two distinct theories of recovery. He alleged that the care he received was negligent medical care and that some of the care he received was administered without his consent.
To avoid summary judgment on his negligent care theory, the burden rested on appellant to produce evidence that there was a genuine issue for trial. A claim for medical malpractice requires that appellant provide expert medical testimony that the other appellees breached the standard of care. Reimund v. Mitchell (Apr. 9, 1996), Franklin App. No. 95APE11-1545, unreported. Here, appellant failed to provide any expert medical testimony demonstrating that the injury complained of was caused by appellees deviating from that standard of care by doing something that physicians of ordinary skill, care and diligence would not have done under like or similar circumstances, and that the injury appellant complained of was a proximate cause of appellees' negligent failure to render treatment in conformity with that of the medical community. Holley v. Stillisano (Mar. 31, 1988), Franklin App. No. 87AP-1031, unreported.
In addition, as an attempt to support his contentions, appellant attached to his motion to reconsider the affidavit of Dr. James Powers. Dr. Powers' affidavit only provided a detailed medical history of appellant's condition and the documented complaints appellant made to Dr. Powers. Dr. Powers, however, did not offer an opinion as to standard of care rendered by appellees, whether appellees met that standard of care, and whether appellees' actions were the proximate cause of appellant's injuries. As such, the trial court correctly granted summary judgment for appellees on the medical malpractice claims involving a theory of negligent care. The only theory of recovery alleged with respect to Dr. Narcelles and Dr. Stanek is a negligent case theory. Thus, summary judgment for Dr. Narcelles and Dr. Stanek was also appropriately granted.
All the assignments of error with respect to Dr. Narcelles and Dr. Stanek are also overruled.
A complete granting of summary judgment for the Ohio State Pain Control Center and Dr. Severyn was not appropriate, however. The complaint filed by Mr. Fernandez clearly alleges that he was administered several shots of steroids instead of the anesthesia he had agreed to receive. This allegation does not present the issue of whether the treatment he received was negligent — below the standard of care. Instead, this allegation presents the issue of whether or not Mr. Fernandez consented to the medical treatment he received. The issue of informed consent does not require expert testimony, especially where the difference between the treatment received and the treatment expected by the patient are as clearly different as here.
The complaint filed by Mr. Fernandez does not allege that he was touched or given a shot of steroids at the Ohio State Pain Control Center by anyone except Dr. Orzo and Dr. Severyn. As indicated above, Dr. Orzo was not yet a proper party to this lawsuit.
As a result, we sustain appellant's second and eighth assignments of error in part. Summary judgment on the negligent care theory was appropriate because of appellant's failure to submit timely evidence indicating that the care he received meets the standard for negligence. However, summary judgment on the issue of informed consent was not appropriate with respect to only two parties, as indicated above.
We are aware that the assignments of error presented by Mr. Fernandez include a variety of allegations that he was not fairly treated in the trial court. Nothing in the record before us indicates that the trial court abused its discretion in any of its rulings with respect to the processing of the case.
Specifically, the trial court did not err in failing to grant default judgment agreed against Dr. Orzo or in expecting proof of medical negligence to be provided by Mr. Fernandez when a summary judgment motion is filed. Ideally, such proof is available before litigation is even commenced. The error committed by the trial court was a legal error of not recognizing the informed consent theory contained in the complaint and of not applying a different legal analysis to the informed consent theory.
In summary, we affirm the judgment of the trial court on behalf of Dr. Orzo, Dr. Narcelles and Dr. Stanek. We reverse the summary judgment on behalf of The Ohio State Center for Pain Control, Inc. and Dr. Severyn with respect to an informed consent theory only. The second and eighth assignments of error are sustained to that extent. All assignments of error are otherwise overruled. The judgment of the trial court is affirmed in part and reversed in part and the case is remanded to that court for further appropriate proceedings.
LAZARUS and KENNEDY, JJ., concur.