OPINION
{¶ 1} Plaintiff-appellant, Michael A. Kelly, Jr., is a former inmate of the Pickaway Correctional Institute, defendant-appellee. On September 28, 2001, plaintiff filed a complaint with the Ohio Court of Claims, alleging that two other inmates had severely assaulted him. Plaintiff's complaint was dismissed by the trial court on November 30, 2001, as having been untimely filed. Plaintiff appealed the dismissal to this court; however, this court dismissed plaintiff's appeal because plaintiff had failed to file a proper brief after being given notice and the opportunity to do so. Over five months later, plaintiff filed a Civ.R. 60(B) motion asking the trial court to vacate its judgment on the grounds that "newly discovered" evidence was removed from his "file," and for the reason that the applicable statute of limitations was tolled because he was incarcerated. That motion was denied.
 {¶ 2} Raising the following assignments of error, plaintiff now seeks a ruling from this court vacating the trial court's judgment denying his Civ.R. 60(B) motion, and ordering this matter be returned to the trial court for further proceedings:
 {¶ 3} "[1.] The Court of Claims erred in overruling plaintiff-appellant's Civil Rule 69(B) motion to vacate its judgment dismissing plaintiff's complaint on the grounds that plaintiff failed to file his complaint within the statute of limitations prescribed in Section 2743.16 of the Revised Code.
 {¶ 4} "[2.] The Court of Claims erred in overruling plaintiff-appellant's request for relief from judgment, pursuant to Civil Rule 60(B), on the grounds that plaintiff-appellant failed, without excuse, to file his complaint within the applicable statute of limitation."
 {¶ 5} Before addressing plaintiff's current assignments of error, we believe it appropriate to return for a moment to defendant's original Civ.R. 12(B)(6) motion to dismiss. Doing so, we first note that only final orders are subject to review by this, or any other appellate court. Noble v. Colwell (1989), 44 Ohio St.3d 92. The concept of a final order "is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306. Thus, if the order or judgment of the trial court is not final pursuant to R.C. 2505.02 and Civ.R. 54(B), this court does not have jurisdiction to determine the issues placed before it. Noble, supra. See, also, Grabill v. Worthington Industries, Inc. (1993), 89 Ohio App.3d 485. In this case, the order dismissing plaintiff's direct appeal was clearly a final order subject to review.
 {¶ 6} That being the case, defendant's Civ.R.12(B) motion to dismiss was a procedural motion designed to test the sufficiency of plaintiff's complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. The standard applied to a motion brought, pursuant to Civ.R. 12(B)(6), is set forth in O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242. Therein, the Ohio Supreme Court stated that "`a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 245, quoting Conley v. Gibson (1957),355 U.S. 41, 45, 78 S.Ct. 99, 101. A court considering a Civ.R. 12(B)(6) motion to dismiss is limited to the "face" of the complaint. Stated alternatively, from what is contained in the complaint, it must appear beyond doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to recover. Byrd v. Faber (1991), 57 Ohio St.3d 56,60; and Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, 229.
 {¶ 7} Having carefully reviewed the record and, in particular, the dismissal of the plaintiff's direct appeal, we are unable to uncover from plaintiff's complaint any indication that plaintiff made any contention that he was mentally disabled or that his mental disability tolled the statute of limitations contained in R.C. 2743.16.
 {¶ 8} Moreover, if the plaintiff was incarcerated at the time the complaint was filed, R.C. 2969.21 through 2969.27 required the plaintiff to comply with certain mandatory requirements when filing civil actions against governmental entities and/or employees. Specifically, unless plaintiff sought a waiver of the prepayment of the filing fees under R.C.2969.25(C), R.C. 2969.22 required plaintiff to prepay the filing fee associated with his complaint. Furthermore, R.C. 2969.25 required plaintiff to submit an affidavit detailing all of the lawsuits plaintiff has filed in the previous five years. In this case, it appears that plaintiff was incarcerated when he filed this case. However, there is no evidence that he paid the required filing fee, or sought a waiver of the fee pursuant to R.C. 2969.25(C). There is also no evidence of the affidavit required by R.C. 2969.25.
 {¶ 9} Thus, had we reached the merits of plaintiff's direct appeal, we likely would have affirmed the trial court's dismissal of the complaint for the reasons set forth by the trial court, in addition to the reasons set forth above. However, returning to the matter at hand, having reviewed the record, and specifically the trial court's decision denying plaintiff's motion for relief from judgment, we conclude that the trial court applied the correct legal standard when it ruled upon that motion. Contrary to plaintiff's arguments on appeal, we also find no evidence of sufficient value which would convince us that the trial court abused its discretion when it found that the plaintiff had failed to come forward with facts and supporting documentation excusing his failure to timely file his complaint.
 {¶ 10} Civ.R. 60 relief is available when a litigant is able to demonstrate that: (1) he or she is entitled to relief under at least one of the grounds set forth in Civ.R. 60(A), or Civ.R. 60(B)(1) through (5); (2) that he or she has a meritorious defense or claim to present if relief is granted; and (3) that the motion has been made within a reasonable amount of time; which, for those grounds set forth in Civ.R. 60(B)(1) through (3), cannot be more than one year after the judgment was entered. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348.
 {¶ 11} According to the Ohio Supreme Court, "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. Although it is often treated as such, an abuse of discretion is not merely a mistake, disagreement, or even an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219; State v. Adams (1980), 62 Ohio St.2d 151, 157. Rather, an abuse of discretion is the intolerable exercise of perversity of will, unjust passion, prejudice, partiality, or an act of moral delinquency. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 620-621. As noted by the Ohio Supreme Court:
 {¶ 12} "`"An abuse of discretion involves far more than a difference in * * * opinion. * * * The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment, but the defiance thereof, not the exercise of reason but rather of passion or bias. * * *"'" Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, quoting State v. Jenkins (1984), 15 Ohio St.3d 164, 222.
 {¶ 13} Having carefully reviewed plaintiff's motion to vacate, we certainly do not find any indication that the trial court abused it's discretion when ruling upon plaintiff's motion. Indeed, as we are not free to substitute our judgment for that of the trial court, our conclusion would be the same even if we held an opinion which differed from that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,137-138.
 {¶ 14} As it pertains to this matter, Civ.R. 60(B) provides:
 {¶ 15} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 16} In this case, plaintiff filed two handwritten motions both entitled: "Motion to Vacate Judgment, on Grounds, of Newly Discovered Evidence." The first was allegedly filed on October 3, 2002, and we observe that it bears no official timestamp of the clerk's office which serves the trial court. However, this is the motion that the trial court addressed in its October 11, 2002 entry and, therefore, it is the motion which is the subject of this appeal. The second motion was filed with the trial court on October 16, 2002, and with this court on October 31, 2002. This motion was also handwritten. The judgment dismissing plaintiff's complaint was entered by the trial court on November 23, 2001. As such, neither of plaintiff's motions are barred by the one-year provision applicable to motions based upon newly discovered evidence.
 {¶ 17} Moving on to the substance of plaintiff's October 3, 2002 motion, we have set forth the substantive portion of plaintiff's handwritten motion below:
 {¶ 18} "Pursuant to Civil Rule 60(B) plaintiff hereby moves the court for an order Vacating the Judgment entered in this Case No.#2001-09583 filed date Sept. 28th 2001[.]
 {¶ 19} "And request that this Court set forth the type of relief sought, such as entering a Revised Judgment Setting the case for New trial, granting Judgment in Favor of plaintiff the grounds for this motion are that plaintiff discovered documentation had been lost-or-Re-moved by Intake/Clerk with the Court of Claims of Ohio,
 {¶ 20} "Attached to this motion as Exhibit (A) and Civil Rule 60-(B) Newly Discovered Evidence, Accordingly the Judgment Should be Vacated as Requested by this motion and as reflected in the attached proposed order Judgment Entry."
 {¶ 21} In his memorandum, plaintiff continues:
 {¶ 22} "Plaintiff Request [sic] the Court Vacate defendant's request to have Case No# 2001-09583 dismissed on grounds of Tolling under disability 360V Claims against State 360K184.8 Limitations and Laches, 360K184.8(1) In General. Tolling Statute of Limitations from date of offence Oct. 20th 1996 until date of Release from State of Ohio(s) prison system March 30th 2000. Also, Attorney Generals office Was Notified Within limitations of Staute [sic] March 28th 1997 five mos. after date of Attack by two inmates in which No one was charged * * *."
 {¶ 23} In moving for relief from judgment under Civ.R. 60(B), plaintiff has the burden of demonstrating that he is entitled to relief, and that he has a meritorious claim to present if relief were to be granted. GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 150-151. In East Ohio Gas Co. v. Walker (1976),59 Ohio App.2d 216, the Cuyahoga County Court of Appeals determined that the allegation of operative facts required in order to prevail upon a motion for Civ.R. 60(B) relief must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. The court further held, in that case, that unsworn allegations of operative facts contained in a motion for relief, or in the brief filed in support, are not of sufficient evidentiary quality to warrant relief from judgment. Id. at 222. We agree with the trial court in its observation that the plaintiff's motion fails to contain any of the aforementioned evidentiary material.
 {¶ 24} More importantly, as reflected in his assignments of error and supporting argument, plaintiff contends that the trial court erred in overruling his Civ.R. 60(B) motion, for the reason that the trial court previously erred when it dismissed his complaint on the grounds that he had missed the applicable statute of limitations. Having reviewed plaintiff's briefs, it is clear that plaintiff argues the trial court's error in dismissing his complaint, which was the subject of plaintiff's first appeal to this court, should compel the granting of his motion for relief from judgment. However, although the plaintiff attempted to directly appeal the dismissal of his complaint to this court, that appeal was dismissed by this court after plaintiff was given the opportunity to file a proper appellate brief, but failed to do so. Thereafter, plaintiff did not file an appeal of our decision with the Ohio Supreme Court, nor did he file any further motions with this court.
 {¶ 25} Having reviewed and considered plaintiff's arguments, it is clearly apparent that the plaintiff is attempting to do what is not permitted under the law. In Blasco v. Mislik (1982), 69 Ohio St.2d 684, at 686, the Ohio Supreme Court explained that "Rule 60(B) relief * * * is not available as a substitute for appeal * * * nor can the rule be used to circumvent or extend the time requirements for filing an appeal."
 {¶ 26} More recently, in Key v. Mitchell (1998), 81 Ohio St.3d 89,90-91, the court explained, "[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." Any claims or arguments that were not raised in a timely appeal, but which could have been raised, are precluded from being raised in a subsequent Civ.R. 60(B) motion. Id. at 91. The Ohio Supreme Court explained the reason for this in State ex rel. Durkin v. Ungaro (1988),39 Ohio St.3d 191:
 {¶ 27} "* * * Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment. * * *" Id. at 193.
 {¶ 28} Having satisfied ourselves that plaintiff's assignments of error and arguments in support thereof are based upon the alleged error of the trial court in dismissing plaintiff's complaint, we reach the unavoidable conclusion that, by way of this appeal, plaintiff is attempting to use a Civ.R. 60(B) motion as a substitute to re-address the dismissal of his complaint. However, the dismissal of plaintiff's complaint has now become the law of this case. Accordingly, plaintiff's appeal is hereby dismissed.
Appeal dismissed.
KLATT and WRIGHT, JJ., concur.
WRIGHT, J., retired of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.