OPINION
{¶ 1} Plaintiff-appellant William R. Postlewaite appeals the March 30, 2005 Order of the Stark County Court of Common Pleas granting defendant-appellee Randall W. Gray's motion to join necessary parties.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 2, 2004, appellant initiated this action seeking recovery for personal injuries and other damages sustained as a result of an automobile accident caused by appellee. Appellee filed an answer on August 6, 2004. On March 29, 2005, appellee moved the trial court to join necessary parties. On March 30, 2005, via Order, the trial court granted the motion. Appellant filed an opposition to the motion on March 31, 2005, with supplements on April 1, 2005 and April 15, 2005.
 {¶ 3} Appellant now appeals the March 30, 2004 Order, assigning as error:
 {¶ 4} "I. THE LOWER COURT ERRED BY ADDING THE U.S. RAILROAD RETIREMENT BOARD AS A PARTY, LACKING THE AUTHORITY AND JURISDICTION TO DO SO.
 {¶ 5} "II. THE LOWER COURT ERRED BY ADDING HEALTHCARE RECOVERIES AS A PARTY, AS IT WAS DEMONSTRABLY NOT A REAL PARTY IN INTEREST.
 {¶ 6} "III. THE LOWER COURT ERRED BY ADDING ANY ALLEGED SUBROGATED PARTY AS A REAL PARTY IN INTEREST.
 {¶ 7} "IV. THE COURT BELOW ERRED BY PREMATURELY GRANTING DEFENDANT-APPELLEE'S "MOTION TO JOIN NECESSARY PARTIES" WITHOUT ALLOWING PLAINTIFF-APPELLANT SUFFICIENT TIME TO CONTEST THE MOTION."
 {¶ 8} We find this court does not have jurisdiction to reach the merits of appellants' appeal. Ohio law provides appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 9} Revised Code 2505.02 states, in relevant part, as follows:
 {¶ 10} (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 11} (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 12} (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 13} (3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 14} (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 15} (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 16} (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 17} (5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 18} (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11,2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23,2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02,2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code.
 {¶ 19} Courts have generally held a court's order determining a motion to join a party does not constitute a final appealable order. See Gelumv. Governor (June 12, 1987), Trumbull App. No. 3680, unreported; see, also, BancOhio Natl. Bank v. Rubicon Cadillac, Inc. (1984),11 Ohio St.3d 32 (decided under the test set forth in Amato v. GeneralMotors Corp. [1981], 67 Ohio St.2d 253.); cf. Grabill v. WorthingtonIndustries, Inc. (1993), 91 Ohio App.3d 469, 473. We find the order being appealed is an interlocutory order subject to revision by the trial court at any time before the entry of a final judgment.
 {¶ 20} The March 30, 2005 order did not determine the action or prevent a judgment, pursuant to R.C. 2505.02(B)(1). We disagree with appellant's argument the order grants a provisional remedy in an ancillary proceeding. We conclude the March 30, 2004 order is not a final appealable order, and appellant's appeal is hereby dismissed.
Hoffman, J., Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, appellant's appeal is hereby dismissed. Costs assessed to appellant.