[Cite as *Speece v. Speece*, 2018-Ohio-4081.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| MARCIA SPEECE, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-G-0170** |
| BRYAN SPEECE, | : | |
| Defendant-Appellee, | : | |
| JANET L. SPEECE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 2015 DC 00460.

Judgment: Appeal dismissed.


*Joseph G. Stafford*, Stafford Law Co., L.P.A., 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Plaintiff-Appellee).

*John V. Heutsche*, John V. Heutsche Co., L.P.A., Hoyt Block Building, Suite 220, 700 West St. Clair Avenue, Cleveland, OH 44113-1274 (For Defendant-Appellee).

*John W. Shryock*, John Shryock Co., L.P.A., 30601 Euclid Avenue, Wickliffe, OH 44092 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Janet L. Speece, appeals from the August 9, 2018 judgment of the Geauga County Court of Common Pleas. For the following reasons, the appeal is dismissed for lack of a final, appealable order.

**{¶2}** This case stems from the divorce proceedings pending between Bryan Speece and Marcia Speece in case No. 15 DC 00460. On August 9, 2018, the Geauga County Court of Common Pleas ordered that appellant is a party defendant in that case and further vacated its order entered June 6, 2018,[1] "staying discovery into the financial records of Janet Speece and Peter Speece." Marcia Speece was granted leave to amend her complaint naming appellant as a defendant and seeking appropriate relief and damages.

**{¶3}** Appellant noticed a timely appeal from the August 9, 2018 judgment. During the pendency of the appeal, appellant requested a stay of the judgment from the trial court, which was denied. On September 5, 2018, appellant filed a motion to stay in this court, requesting a stay of execution of the "August 9, 2018 Judgment vacating the prior stay of discovery of Appellant's financial records during the pendency of the appeal." On September 11, 2018, appellant filed an ex parte motion to stay the trial court's judgment, arguing an emergency ex parte order was necessary "for the reason that Plaintiff-Appellee's counsel has re-issued subpoenas" to certain financial institutions. Marcia Speece filed a brief in opposition to the ex parte motion to stay. Bryan Speece did not file a response.

**{¶4}** According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a

---

1. In the June 6, 2018 order, the trial court stated it would "consider appointment of a Special Master to conduct an in camera interview of the financial records of Janet and Peter Speece." The trial court ordered that counsel for Marcia Speece and counsel for Bryan Speece "shall provide the names of persons qualified and willing to serve as a Special Master." Finally, the trial court ordered that "[u]ntil such time that the Court determines whether a Special Master shall be appointed and the duties of the Special Master, all discovery into the financial records of Janet and Peter Speece is stayed."

2

"final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). "In the event the parties to an appeal do not raise this jurisdictional issue, it may be raised sua sponte." *Alkenbrack v. Green Tree Servicing, LLC*, 11th Dist. Geauga No. 2009-G-2889, 2009-Ohio-6512, ¶10 (citations omitted).

**{¶5}** A court's order adding a party is generally not a final, appealable order, pursuant to R.C. 2505.02. *See Martin v. Martin*, 11th Dist. Trumbull No. 2011-T-0034, 2012-Ohio-4889, ¶10-11, citing *Postlewaite v. Gray*, 5th Dist. Stark No. 2005CA00110, 2005-Ohio-5652, ¶19 and *Gelum v. Governor*, 11th Dist. Trumbull No. 3680, 1987 WL 12705, *2 (June 12, 1987). Likewise, it is well-established that "discovery orders are 'interlocutory and, as such, are neither final nor appealable.'" *Cobb v. Shipman*, 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676, ¶33, quoting *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420 (1994), paragraph seven of the syllabus. A narrow exception to this rule is that "an order compelling the production of privileged documents to an opposing party does constitute a final appealable order." *Id.* at ¶34.

**{¶6}** Here, the trial court's judgment is not final as it pertains to the addition of appellant as a party to the case. Regarding the order vacating the trial court's June 6, 2018 order that stayed discovery of appellant's financial records, appellant argues her financial records are "confidential in nature" because she is not a party to this action. Appellant, however, was added as a party defendant pursuant to the trial court's August 9, 2018 judgment entry. The trial court also did not compel the production of any

3

documents to an opposing party and merely vacated its order staying discovery of the financial records. Moreover, appellant has failed to demonstrate the financial records are privileged documents. There are methods available to protect the confidential nature of material produced in discovery. That is to be addressed at the trial court level.

{¶7} For the foregoing reasons, the trial court's August 9, 2018 judgment is not a final, appealable order.

{¶8} The appeal is hereby dismissed for lack of jurisdiction.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.